### (June 20, 1977)

█ In the Matter of JAMES NAPOLI, SR., Petitioner, v JUSTICES OF THE SUPREME COURT OF KINGS COUNTY et al., Respondents. In the Matter of JAMES NAPOLI, JR., Petitioner, v JUSTICES OF THE SUPREME COURT OF KINGS COUNTY et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit respondents from prosecuting Indictments Nos. R 106/77 and R 107/77, now pending in the Supreme Court, Kings County, and to dismiss those indictments pursuant to CPL 40.20 (subd 2) on the ground that petitioners have been previously tried for other offenses based upon the same criminal transaction. Applications denied and proceedings dismissed on the merits, without costs or disbursements. Petitioners were indicted in Federal court for the crimes of conducting an illegal gambling business and conspiracy. They were convicted of the former after a jury trial. The conspiracy charge was dismissed by the trial court. Thereafter, petitioners were indicted in Kings County for the crimes of promoting gambling and conspiracy. They now seek to prohibit their prosecution on the State indictments on the ground of a violation of CPL 40.20 (subd 2), contending that the State indictments charge them with participation in a part of the self-same conspiracy or criminal transaction charged in the Federal indictment. We disagree. Comparing the State and Federal indictments, as supplemented by respondent Gold's disclosure of additional, apparently unindicted State coconspirators, it appears that although there is some overlap in time frames as respects the Federal and State conspiracy charges, the respective coconspirators are, for the most part, entirely different. According to the Federal indictment, petitioners' role in the policy and gambling business was to finance and extend credit to controllers and to supervise and manage controllers, runners and policy bank and office workers. The Federal prosecutor allegedly theorized that petitioners controlled a huge gambling empire in Kings County and elsewhere and were at the center of a single vast conspiracy. It is upon this theory that petitioners rely in asserting a double jeopardy bar. Respondent Gold, however, takes the position that petitioners were, in fact, no more than key figures in a number of otherwise unrelated conspiracies. Whether we are here dealing with a single vast conspiracy cannot depend upon the theory exposed by the Federal prosecutor. Noting that the Federal District Court did not, and could not, declare that policy operations in Kings County as to which no evidence was presented would nevertheless be a part of this vast conspiracy, and that the mere presence of petitioners as a common factor linking various gambling operations is insufficient to convert multiple conspiracies into a single one (see *Kotteakos v United States,* 328 US 750, 754-755; *United States v Berolotti,* 529 F2d 149), petitioners have manifestly failed to establish that the State indictments charge the same criminal conspiracy as the Federal indictment. Again, the fact that numerous policy operations employed petitioners' services or that petitioners exercised some control over various policy operations does not, in and of itself, render each policy

operator a coconspirator of the other. Cohalan, J. P., Titone, Shapiro and O'Connor, JJ., concur.