OPINION OF THE COURT

Per Curiam.

A statutory claim that one may not be separately prosecuted for two offenses based on the same act or criminal transaction, as distinguished from a constitutional double jeopardy claim, must be duly preserved if there is to be appellate review.
On November 15, 1976 appellant pleaded guilty in the United States District Court for the Eastern District of New York to a charge that she fraudulently demanded a sum of money by virtue of a false instrument. The plea was accepted in satisfaction of a multicount indictment with reference to activities at various times between August 20 and September 23, 1974. Prior to her Federal plea appellant, in April, 1976, had been charged in a multicount indictment lodged in Kings County with possession of stolen property and altering and possessing forged instruments with intent to defraud in the period between August 1 and September 30, 1974. On January 3, 1977 appellant pleaded guilty to attempted grand larceny in the second degree in satisfaction of the State indictment. She was thereafter sentenced to five years’ probation on condition that she make restitution of a total sum of over $22,000 at the fate of $25 per week.
Appellant now contends that her State prosecution was barred under the previous prosecution provisions of CPL 40.20. At the threshold she concedes that her claim is predi *39 cated only on the State statute and is not of constitutional dimension. She also acknowledges that she did not advance this claim prior to or at the time of her plea; it was first raised on appeal.
The statutory previous prosecution claim was waived by appellant’s plea of guilty and therefore has not been preserved for appellate review. The situation would be otherwise were she now raising a constitutional double jeopardy claim (People v Michael, 48 NY2d 1).
The restitution directed by the sentencing court would extend over nearly 17 years, well beyond the maximum five-year probationary period. The People candidly concede that under article 65 of the Penal Law restitution may not be ordered beyond the lawful period of probation.
Accordingly, the case must be remitted to Supreme Court, Kings County, for modification of the sentence to limit restitution to the period of probation. Subject to such modification, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
Order modified and the case remitted to Supreme Court, Kings County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.