THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HYMAN LIEBERMAN, Appellant.

First Department, February 24, 1981

APPEARANCES OF COUNSEL

*Jay Goldberg* for appellant.

*Ronald A. Krauss* of counsel (*Bruce Allen* with him on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

SANDLER, J. P.

After defendant's plea of guilty to a Federal indictment charging him with a conspiracy to violate the Federal narcotics law during a period extending from July, 1974 to September, 1976, he moved under CPL 40.20 to bar his prosecution on the instant indictment charging him with the criminal sale of a controlled substance in the first degree in connection with a sale of a substance containing cocaine to a police officer in October, 1975. The motion was denied. The defendant then entered a plea of guilty to criminal sale of a controlled substance in the third degree. The single issue raised on this appeal from the judgment thereafter entered is the correctness of the ruling denying the motion pursuant to CPL 40.20.

[■] Preliminarily, the law appears unsettled as to whether a plea of guilty following denial of a 40.20 motion waives that defense. In *People v Dodson* (48 NY2d 36), relied on by the District Attorney on this issue, the Court of Appeals found a waiver where no motion had been made prior to the plea. I find no clear principle articulated in the *Dodson* opinion that would control the issue before us. In my view, there are compelling reasons to permit appellate review of the question under the circumstances presented.

In *Menna v New York* (423 US 61) reversing *People v Menna* (36 NY2d 930) the United States Supreme Court squarely held that a plea of guilty does not by itself waive a constitutional double jeopardy claim. Indisputably the courts of this State are not required to reach the same result with regard to a motion pursuant to CPL 40.20 that does not raise a Federal constitutional claim. When it is considered, however, that CPL 40.20 both applies and extends the constitutional double jeopardy doctrine, and is designed to serve similar purposes, it is hard to justify a different response to a motion under that section. Nor does it seem to me sensible to require a defendant presenting such an issue to try his case although he acknowledges guilt in order to preserve his right to appellate review.

It is true that appellate review of such an issue may be independently obtained by way of a CPLR article 78 pro-

ceeding prior to disposition of the case in the trial court. (Cf. *Matter of Napoli v Justices of Supreme Ct. of Kings County*, 58 AD2d 614, mot for lv to app den 43 NY2d 745.) However, the efficient administration of our criminal justice system is hardly well served by compelling defendants to utilize a procedural device that inevitably delays, often for substantial periods of time, the disposition of the charges in the trial court.

■ Turning to the merits of the issue, the controlling rule with regard to a motion under CPL 40.20 where a defendant has been previously prosecuted on a Federal conspiracy charge was explicitly set forth in *People v Abbamonte* (43 NY2d 74, 79): "where the substantive drug offense was not, but could have been, alleged and proved in the prior Federal conspiracy prosecution, subsequent State prosecution offends the statutory mandate."

The question thus presented is whether the cocaine transaction charged in the State indictment "could have been * * * alleged and proved in the prior Federal conspiracy prosecution." The fact that the several overt acts listed in the Federal indictment did not specify transactions in cocaine is not decisive on this issue. The Federal law seems clear that such a transaction could have been alleged and proved under the broad wording of the Federal conspiracy indictment *(United States v Knuckles*, 581 F2d 305) if the transaction was in fact part of the conspiracy charged.

■ On this question, in my view the decisive one, I do not agree with Trial Term that the rulings of the United States District Court Judge in the trial of other alleged conspirators that followed the defendant's plea of guilty to the Federal indictment, and the accompanying comments of that court, the prosecutor and counsel, are dispositive. The rulings, and the accompanying statements, are open to quite varied interpretations.

More significant is the defendant's own description of the conspiracy during the colloquy attending his plea of guilty to the Federal conspiracy, a description that seems to me persuasive that the cocaine transaction charged in the State indictment was a separate criminal enterprise and not in fact part of the Federal conspiracy. This con-

clusion is reinforced by the defendant's later statements in connection with his plea of guilty to the instant indictment. Accordingly, the judgment of the Supreme Court, New York County, (ROTHWAX, J.) rendered November 30, 1979, convicting the defendant of criminal sale of a controlled substance in the third degree and sentencing him to a term of 5 to 15 years to run concurrently with a Federal sentence should be affirmed.

SILVERMAN, J. (concurring). We are all agreed that the judgment of conviction in this case should be affirmed whether or not the plea of guilty constituted a waiver of the statutory previous prosecution bar of CPL 40.20. I see no reason for us now to add this statutory bar to the category of defenses which are not waived by a plea of guilty and may be urged on appeal as a ground for reversing the judgment of conviction entered on such a plea.

The majority's most appealing point to the contrary I think is that a defendant presenting such an issue should not be required to try his case, although he acknowledges guilt, in order to preserve his right to appellate review.

(a) The point would be more persuasive if the defendant had pleaded guilty to the crime with which he was charged, and of which the jury would presumably have convicted him if he had gone to trial. But here, the defendant made a bargain plea. Indicted for a first degree narcotics offense, —an A-1 felony—he pleaded guilty to a third degree offense and, as part of a carefully orchestrated bargain, got a sentence of 5 to 15 years, to run concurrently with his Federal sentence and to be served in a Federal institution. I see no reason why a defendant who makes such a bargain should be allowed to keep its benefits, eliminating the risks of more severe conviction or sentence, yet be relieved of his side of the bargain. "A plea of guilty to a lesser crime, negotiated in good faith with the help of counsel, should signal the end of the criminal action, not the beginning of an appellate process to evade the agreement thus made." (People v Giuliano, 52 AD2d 240, 247.)

(b) We already have one anomalous statutory situation in which a nonjurisdictional objection survives the plea of guilty, i.e., suppression motions. (CPL 710.70, subd 2.)

The Second Department has expressly stated that this practice is most undesirable. *(People v Navarro,* 61 AD2d 534.) The Tenth Annual Report of the Advisory Committee on Criminal Law and Procedure to the Judicial Conference and the Chief Administrator of the Courts (Jan., 1981, p 30) agrees with the Second Department stating:

"There are, however, many cases in which, as part of a negotiated plea, the defendant pleads guilty to a lesser charge or pleads guilty to a charge in one indictment to cover several other indictments. In these cases, the defendant has made a bargain and received a benefit for his agreement to conviction for a particular crime. Nevertheless, on appeal, he may continue to argue that he should be relieved of the bargain which he freely made. This increases the heavy burden on our appellate courts, and, if the conviction is ultimately reversed, the passage of time may have severely impaired the prosecution's case.

"It is certainly not unfair to require a defendant as part of a plea bargain to recognize that the bargain is final and that previous rulings are out of the case."

I see no reason to add another such anomaly.

(c) It is precisely to avoid the necessity of going through a trial in order to present to an appellate court even a statutory double jeopardy defense that article 78 proceedings have been permitted to be instituted in the Appellate Division in advance of trial in such situations.

(d) The argument that a defendant should not have to go through a trial in order to raise a particular defense in the appellate court applies equally to every defense that is waived by a plea of guilty.

(e) There are significant differences between the possible effects of statutory and constitutional limitations on a court's powers. Thus in *Menna v New York* (423 US 61) the Supreme Court reversed the Court of Appeals decision in *People v Menna* (36 NY2d 930) that a plea of guilty waives the constitutional defense of double jeopardy. The Supreme Court gave as its reason: "Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviciton on that charge be set aside even if the

conviction was entered pursuant to a counseled plea of guilty. *Blackledge v. Perry*, 417 U.S. 21, 30" (423 US, at p 62). In *Blackledge v Perry* (417 US 21, 30) cited by the Supreme Court in the *Menna* case, the Supreme Court indicated that the reason for the determination was that the particular Federal constitutional claim "went to the very power of the State to bring the defendant into court to answer the charge brought against him." Whatever may be said of the effect of the Federal constitutional bar, it is not at all clear that the New York statutory bar goes to "the very power of the State to bring the defendant into court to answer the charge"; certainly New York's highest court did not think so.

I do not see any need in the present case to decide that the procedure on the statutory double jeopardy defense should be assimilated to that on the constitutional defense.

MARKEWICH, J. (concurring). My brethren SANDLER and SILVERMAN have arrived at the same conclusion by two separate paths. In my view, both approaches have equal validity and they are not irreconcilable. Therefore, I find no difficulty whatever in concurring in both expressions.

SULLIVAN and LUPIANO, JJ., concur with SANDLER, J. P.; SILVERMAN and MARKEWICH, JJ., concur in separate opinions.

Judgment, Supreme Court, New York County, rendered on November 30, 1979, affirmed.