■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES F. CRAMER, Appellant. — Appeal from a judgment of the County Court of Clinton County (Goldman, J.), rendered October 6, 1980, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree. Defendant entered a plea of guilty of the crime of attempted robbery in the first degree in full satisfaction of an indictment which charged him with robbery in the first degree in Clinton County. He was sentenced indeterminately to a minimum of three years and a maximum of six years to run consecutively with time still owed on a prior felony conviction. The present charge arose out of defendant's arrangement to sell two bags of marihuana to a Thomas Roche for $9,000. Instead, defendant filled the two bags with maple leaves, went to Roche's apartment on October 28, 1979, and robbed him of the $9,000 at gunpoint. Defendant admitted that the gun was loaded, in response to a question asked of him by the court at the time of his plea. After the commission of the crime, defendant drove to Franklin County where he was apprehended, and where he pleaded guilty to criminal possession of a weapon in the fourth degree in the Malone Town Court, for which he was sentenced to one year of imprisonment. On this appeal, defendant claims that his plea to the weapons charge in Franklin County bars his conviction for attempted robbery in the first degree in Clinton County under the constitutional and statutory provisions prohibiting double jeopardy. He argues that since the weapons charge was committed on the same day as the robbery charge and since the gun, an essential element of both charges, was the same, the weapons charge was a lesser included offense of the crime of robbery in the first degree, resulting in the lesser charge merging in the greater. When defendant entered his plea, he effectively waived the statutory double jeopardy provisions based on CPL 40.20 and 40.40 (People v Dodson, 48 NY2d 36). Although defendant's constitutional double jeopardy claim may be raised for the first time on appeal (People v Michael, 48 NY2d 1), this contention is likewise without merit, for it has now been clearly established that the crime of weapons possession is not a lesser included offense of robbery in the first degree (see People v Perez, 45 NY2d 204, 210). The other contentions of defendant are inconsequential and insubstantial. Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.