■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TANYA DODSON, Appellant. — Appeals by defendant (1) by permission, from an order of the Supreme Court, Kings County (Slavin, J.), dated April 28, 1981, which, after a hearing, denied her motion pursuant to CPL 440.10 (subd 1, par [h]) to vacate a prior judgment of the same court and (2) from a resentence of the same court, imposed June 10, 1981, which fined her the net sum of $5,861 payable by a date certain and in default thereof, directed that she be imprisoned for one year in the New York City Penitentiary. Order affirmed. No opinion. Resentence modified, on the law, by changing it to probation for a period of five years, with a condition that defendant make restitution in the sum of $6,500 payable at $25 per week, with credit for amounts previously paid on account of such restitution. This case is remitted to the Supreme Court, Kings County, to fix the other conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). Defendant was originally sentenced to probation for a period of five years, with a condition that she make restitution of $22,000 payable at $25 per week. On appeal the Court of Appeals remitted the matter to Criminal Term for "modification of the sentence to limit restitution to the period of probation" (*People v Dodson,* 48 NY2d 36, 39). The resentencing court

failed to follow this mandate, and, instead, imposed a $10,000 fine with credit for $850 previously paid as a fine in the Federal courts in connection with another aspect of the events which gave rise to this prosecution, and $3,289 previously paid in restitution, leaving a net fine of $5,861. Defendant's plea bargain, as modified at the time of the original sentencing, included a promise of probation plus restitution at $25 per week. Upon resentencing the court did not afford the defendant the opportunity to withdraw her plea before imposing an entirely different sentence. It is our view that the resentence should be changed to probation for a period of five years, with a condition that defendant make restitution at $25 per week in the total sum of $6,500, the maximum which can be paid at that rate in five years. Credit should be allowed for sums previously paid as restitution and defendant should be required to extinguish any arrearages in addition to making the weekly payments until expiration of any remaining period of probation. Credit for sums paid as a fine in the Federal courts shall not be allowed. Mollen, P. J., Damiani, Titone and Bracken, JJ., concur.