■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERONICA PRESCOTT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered June 10, 1980, convicting her of attempted robbery in the second degree, upon her plea of guilty, and imposing sentence. The appeal brings up for review the denial of defendant's motion pursuant to CPL 40.20 to dismiss that portion of the indictment charging her with robbery in the second degree.

Judgment affirmed.

On July 20, 1979, at about 4:30 P.M., Lillian Kasten and a friend were robbed by two men in a parking lot of a Queens shopping mall. The men pulled the women from their car, seized their purses and drove off in the car. At approximately 8:30 P.M., that same evening, defendant attempted to use one of Mrs. Kasten's credit cards obtained in the robbery. The card had been reported stolen and the defendant was detained by security personnel of the Abraham & Straus Department Store, where she had attempted to use the stolen card, until Mr. and Mrs. Kasten arrived, presumably to identify their property. Although questioned by Mrs. Kasten's husband, a police officer, regarding the robbery, defendant made no statements. Officer Kasten also searched defendant's auto and recovered other property belonging to Mrs. Kasten and her friend taken at the time of the robbery. No effort was made at that time to ascertain whether Mrs. Kasten could identify the defendant as a participant in the robbery.

The following day, a complaint was filed by an Abraham & Straus employee against the defendant, charging her with fraud, larceny as to Abraham & Straus, criminal possession of stolen property, forgery and criminal impersonation.

On August 13, 1979, subsequent to defendant's arraignment on the above charges, Mrs. Kasten was shown a photo array from which she identified the defendant as the driver of the car used in the robbery.

Thereafter, on September 6, 1979, the defendant pleaded guilty to disorderly conduct in satisfaction of the above charges and was sentenced to a conditional discharge. Ten days later, a

second complaint was filed on information provided by the Kastens charging the defendant with second degree robbery, and four counts of criminal possession of stolen property in the second degree, arising out of the theft of Mrs. Kasten's property and that of her friend. Indictment on those charges followed thereafter, on November 2, 1979.

Defendant then moved to dismiss the indictment on the ground that prosecution under the indictment was barred by double jeopardy principles pursuant to CPL 40.20. The court granted the defendant's motion insofar as the possessory counts were concerned, but denied the motion as to the robbery count. The defendant subsequently pleaded guilty to attempted robbery in the second degree and received a sentence in accordance with her plea bargain.

Defendant's jeopardy claim raised at Criminal Term was not based upon constitutional double jeopardy but rather upon statutory double jeopardy pursuant to CPL 40.20. This claim was effectively waived by her plea of guilty (*People v Dodson,* 48 NY2d 36; *People v Corti,* 88 AD2d 345; *People v Cramer,* 85 AD2d 832).

Defendant, for the first time on appeal, raises the issue of double jeopardy based upon CPL 40.40 (jointly prosecutable offenses). That issue is not properly before us as it has not been preserved for appellate review (see *People v Hoke,* 62 NY2d 1022; *People v Little,* 62 NY2d 1020; *People v Dodson, supra,* p 38).

Based upon the record in this case, the identity of the defendant as a participant in the robbery is clear beyond peradventure. Therefore, we decline to exercise our interest of justice jurisdiction.

Even if the issue has been raised before Criminal Term, we would nevertheless find that defendant's claim of double jeopardy pursuant to CPL 40.40 has been waived by her plea of guilty for the same reasons stated by Silverman, J., in his concurring opinion in *People v Lieberman* (79 AD2d 175, 178-180) which we adopt. Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.