OPINION OF THE COURT
Simons, J.
Defendant Veronica Prescott has been convicted on her plea of guilty to attempted robbery in the second degree in full satisfac *218 tian of an indictment charging her with robbery in the second degree and four counts of criminal possession of stolen property in the second degree. Before pleading, defendant moved to dismiss the entire indictment claiming that a prior prosecution, which ended in a bargained plea to disorderly conduct, barred the second indictment under New York’s previous prosecution statutes (see, CPL 40.10 etseq.)- The trial court granted defendant’s motion as to the four counts of criminal possession, but denied the motion as to the robbery count. Defendant then pleaded guilty to the reduced charge. On appeal to this court, defendant claims that her conviction for attempted robbery was obtained in violation of her statutory and constitutional rights to be free from multiple prosecutions for the same offense.
There should be an affirmance. Defendant forfeited her right to challenge the trial court’s adverse ruling on her statutory previous prosecution claim when she pleaded guilty to the reduced charge (see, People v Dodson, 48 NY2d 36; compare, People v Taylor, 65 NY2d 1; People v Sobotker, 61 NY2d 44). While the defendant’s constitutional claim survived the trial court’s acceptance of her plea and, indeed, may be raised here for the first time (see, People v Michael, 48 NY2d 1, 7; Menna v New York, 423 US 61), the claim is without merit because defendant’s previous conviction resulted from a separate and distinct offense under the Penal Law (see, Blockburger v United States, 284 US 299; Illinois v Vitale, 447 US 410).
Defendant’s convictions resulted from a series of events that began in a shopping mall parking lot on July 30,1979 when Lillian Hasten and another woman were pulled from their car by two men who then seized their purses and drove away in the Hasten car. Approximately four hours later, defendant attempted to use one of Mrs. Kasten’s credit cards to purchase jewelry at an Abraham & Straus Department Store. The card had previously been reported stolen, however, so the store’s security personnel detained defendant and notified Mrs. Hasten. She came to the store with her husband, who is a police officer, and he found property belonging to his wife and to her friend during a search of defendant’s car.
On July 3,1979, an employee of Abraham & Straus filed a complaint charging the defendant with fraud, larceny as to Abraham & Straus, criminal possession of stolen property (credit cards), forgery and criminal impersonation. On September 6, 1979, defendant pleaded guilty to disorderly conduct in satisfaction of all the charges arising from the store’s complaint and was given a conditional discharge.
*219 On November 2, 1979, defendant was indicted on charges of robbery, second degree, and four counts of criminal possession of stolen property (credit cards) arising from the theft of property belonging to Mrs. Kasten and her friend. She moved to dismiss the indictment pursuant to the provisions of CPL 40.20. The court granted the motion in part and dismissed the four counts of criminal possession, but denied the motion insofar as it sought dismissal of the robbery charge. Defendant then entered a negotiated plea of guilty to attempted robbery in the second degree. On appeal from the robbery conviction, the Appellate Division affirmed, holding that defendant had waived the claim for relief under CPL 40.20 by her plea of guilty. It did not address her constitutional claim.
It is a fundamental principle of our legal system that a defendant may not be twice placed in jeopardy for the same offense (see, People v Rivera, 60 NY2d 110, 114). In 1970, the New York State Legislature expanded the protection against double jeopardy found in the 5th Amendment of the United States Constitution by enacting CPL article 40 which contains additional grounds for prohibiting multiple prosecution of offenses. CPL 40.20, the section before us on this appeal, prohibits separate prosecutions for "two offenses based upon the same act or criminal transaction”, unless one of six exceptions is met (CPL 40.20 [2] [a]-[f]; and see, People v Rivera, supra). In People v Dodson (48 NY2d 36, supra), we held that a defendant’s right under this section to be free from further prosecution may be lost if the defendant fails to raise the claim prior to, or at the time of, his plea (id., at pp 38-39). Here, defendant asserted her statutory claim before the plea but she pleaded guilty after her motion was denied. We now hold that a guilty plea results in forfeiture of a defendant’s 40.20 claim even though the claim has been presented to the court prior to the plea.[1]
A guilty plea represents a compromise or bargain struck after negotiation between the defendant and the People. It is meant to mark the end of a criminal case, not a "gateway” to further litigation (see, People v Taylor, 65 NY2d 1, 5, supra). Thus, the plea both waives certain rights attendant to trial and forfeits rights to re *220 new arguments made before a plea is accepted. There is no mechanical rule that establishes when a claim is forfeited by a guilty plea, but we have held that even though certain constitutional rights would survive a guilty plea, related statutory rights are nonetheless forfeited by it "when the statute would confer on the defendant greater rights than the Constitution demands” (People v Sobotker, 61 NY2d 44, 48, supra [immunity]; see also, People v Howe, 56 NY2d 622; People v Thill, 52 NY2d 1020; People v Friscia, 51 NY2d 845 [speedy trial]). In such instances, the question is not whether the defendant made a knowing and intelligent waiver, but whether a forfeiture of the statutory right was a necessary consequence of the guilty plea, as a matter of policy (People v Sobotker, supra). Due concern for finality in criminal prosecutions and for the conservation of judicial resources requires that, in the absence of constitutional or jurisdictional defects, a guilty plea should end the litigation. It is also important that a defendant who accepts a "carefully orchestrated bargain” should not keep the benefits of the reduced charge, thereby eliminating the risks of conviction on a greater charge or more severe sentence, and yet be relieved of the admission of guilt which is his consideration for the bargain (see, People v Lieberman, 79 AD2d 175, 178 [Silverman, J., concurring]). These concerns are all the more compelling when considered against the availability, prior to trial, of an article 78 proceeding to prohibit the People from prosecuting a case that violates statutory, as well as constitutional, double jeopardy principles (see, People v Abbamonte, 43 NY2d 74, 81; and see, People v Lieberman, supra, at p 179 [Silverman, J., concurring]).[2]
Because defendant forfeited her statutory claim, we do not reach the merits of her contention that prosecution was foreclosed by CPL 40.20 (2) (b).[3] In Menna v New York (423 US 61, supra), however, the Supreme Court held that the constitutional protection against double jeopardy contained in the 5th Amendment is not waived by a counseled guilty plea where the charge, on its face, is one that the State may not constitutionally prose *221 cute (Menna v New York, supra, at p 62, n 2). Accordingly, we address the merits of the constitutional claim.
The constitutional prohibition against double jeopardy encompasses three separate guarantees. It protects against (1) a second prosecution for the same offense after an acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense (see, North Carolina v Pearce, 395 US 711, 717). Only the second guarantee is relevant to this appeal. The test for determining whether two offenses are the same within the meaning of the double jeopardy clause is whether two distinct statutory provisions each requires proof of a fact that the other does not (see, Illinois v Vitale, 447 US 410, 416, supra; Brown v Ohio, 432 US 161, 166 [quoting Blockburger v United States, 284 US 299, 304, supra]). The Blockburger test focuses on the proof necessary to prove the statutory elements of each offense charged against the defendant, not on the actual evidence to be presented at trial (see, Illinois v Vitale, supra). Thus, a substantial overlap in the proof presented is not dispositive if the test is otherwise satisfied (see, Illinois v Vitale, supra, at p 416, n 6 [quoting Iannelli v United States, 420 US 770, 785, n 17]). If a specific statutory offense itself is always a necessary element of a separately charged offense, however, the two offenses are the same under Blockburger (see, Illinois v Vitale, supra, at p 419 [analyzing "careless failure to slow” and "manslaughter by automobile”]).
Here, the defendant argues that the offense of criminal possession of stolen property is a necessary element of robbery in the second degree and that double jeopardy principles are violated by a prosecution for the latter offense following a conviction for the former. We disagree.
In the first prosecution, defendant was charged with criminal possession of stolen property, second degree, pursuant to Penal Law § 165.45,[4] based on a complaint filed by an employee of the Abraham & Straus Department Store. If the defendant had not pleaded guilty to a lesser charge, the People would have been required to prove the requisite possession and intent, as well as the fact that the property at issue was a credit card. To contrast, a *222 subsequent prosecution of the defendant for robbery in the second degree[5] 6 based on the occurrence in the shopping mall parking lot would require proof of a forcible stealing of property, which would have been satisfied by a showing that Mrs. Kasten’s pocketbook was stolen, and that the defendant was aided by another person actually present, as the indictment alleged. Manifestly, under the Blockburger line of cases, these offenses are separate and distinct because the People would not need to prove criminal possession of credit cards in order to sustain a conviction of robbery in the second degree, nor prove forcible taking or aid by another to sustain a conviction for criminal possession (compare, Blockburger v United States, 284 US 299, supra; Illinois v Vitale, 447 US 410, supra; Harris v Oklahoma, 433 US 682; Brown v Ohio, 432 US 161, supra). Consequently, the defendant’s constitutional right against double jeopardy in prosecutions stemming from the July 30,1979 robbery has not been violated.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Jasen, Meyer, Kaye, Alexander and Titone concur.
Order affirmed.

. In People v Thomas (53 NY2d 338), we noted the distinctions between preservation, waiver and forfeiture of claims (see, People v Thomas, supra, at p342, n 2). Preservation concerns whether an issue has been properly brought to the attention of the Trial Judge and opposing attorneys. Express waiver results from an intentional abandonment of a known right or privilege. Forfeiture occurs by operation of law as a consequence of a guilty plea with respect to issues which, as a matter of policy, the law does not permit to survive such a plea.

. Defendant’s contention that the statutory double jeopardy claim goes to the jurisdiction of the courts to entertain a prosecution is implicitly foreclosed by our decision in People v Dodson (48 NY2d 36).

. In People v Abbamonte (43 NY2d 74), this court reached the merits of three defendants’ statutory double jeopardy claims despite their prior guilty pleas (see, People v Abbamonte, supra, at p 81). Abbamonte is not controlling here because in that case the court accepted defendants’ negotiated plea conditioned upon the survival of their statutory claim (but cf. People v Howe, 56 NY2d 622, revg 84 AD2d 909).

. Penal Law § 165.45 provides, in pertinent part:
"A person is guilty of criminal possession of stolen property in the second degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof, and when:
"1. The value of the property exceeds two hundred fifty dollars; or
"2. The property consists of a credit card”.

. Penal Law § 160.10 provides, in pertinent part:
"A person is guilty of robbery in the second degree when he forcibly steals property and when:
"1. He is aided by another person actually present”.