THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HELEN KAREN DITTUS, Appellant.

Third Department, February 27, 1986

APPEARANCES OF COUNSEL

*Daniel J. Gaffney* for appellant.

*Sol Greenberg, District Attorney (George H. Barber* of counsel), for respondent.

**OPINION OF THE COURT**

KANE, J.

On August 11, 1981, defendant was called to testify before a Grand Jury investigating a series of robberies perpetrated in the Albany area in late July 1981 and the early part of August 1981. In the course of her testimony, she described her participation in two robberies which provided evidence for the subsequent indictment of Jeffrey Chiera.

Defendant is, of course, immune from prosecution for her part in the robberies since, as a witness furnishing evidence to the Grand Jury, she received immunity from prosecution "for or on account of any transaction, matter or thing concerning which [s]he gave evidence" (CPL 50.10 [1]). In other words, defendant, as a result of being compelled to testify, was granted full transactional immunity (CPL 190.40; *see, People v Sobotker,* 61 NY2d 44). However, defendant was subsequently charged with two counts of robbery in the second degree in an indictment describing her participation in a robbery at "Big Dom's Sub Shop" in the Town of Colonie, Albany County, on July 21, 1981, aided by Chiera. The indictment was thereafter amended to allege the proper date as July 28, 1981. Although defendant did not mention the "Big Dom's Sub Shop" robbery in her testimony before the Grand Jury, she did place herself in the area where and at the time when this robbery occurred. Moreover, it was her testimony that first provided the authorities with the identity of Chiera as a participant in the various robberies, and it was the same Chiera who, after indictment and plea of guilty, with immunity, testified before the Grand Jury which indicted defendant. Defendant's motion to dismiss the indictment after an inspection of the minutes of the Grand Jury was denied by County Court, and a negotiated plea of guilty to attempted robbery in the second degree was thereafter entered in which defendant received a 1- to 4-year sentence of imprisonment. At the time of the plea, defendant

specifically reserved her right to raise the issue of the receipt of transactional immunity on an appeal to this court from her judgment of conviction.

Initially, we note that defendant has forfeited her right to raise the issue of the receipt of statutory transactional immunity by her plea of guilty (see, People v Prescott, 66 NY2d 216, 218; People v Sobotker, supra, p 48), notwithstanding her negotiated plea conditioned upon the survival of her statutory claim (see, People v Howe, 56 NY2d 622). The right of appellate review having been forfeited, as a matter of policy the plea will be vacated and the matter returned to the trial court for further proceedings (see, People v Thomas, 53 NY2d 338, 344).

As to the merits of her claim of transactional immunity, a review of the minutes of the Grand Jury persuades us that her claim is well founded. As stated previously, defendant placed herself in the exact area where and at the time when the various robberies under investigation by the Grand Jury were committed and it was her testimony which provided the authorities with the identity of her accomplice, Chiera. All that is required to obtain the benefit of the immunity statute is that the testimony given, along with proof supplied by others, will tend to prove some part or feature of the crime charged (People v Williams, 81 AD2d 418, 426, affd 56 NY2d 916). In our view, the testimony given by defendant meets this test.

MAHONEY, P. J., CASEY, WEISS and LEVINE, JJ., concur.

Judgment reversed, as a matter of discretion in the interest of justice, guilty plea vacated, and matter remitted to the County Court of Albany County for further proceedings not inconsistent herewith.