■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON W. PUTNAM, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered May 12, 1988, convicting defendant upon his plea of

guilty of the crime of attempted criminal solicitation in the second degree.

Defendant was convicted after a jury trial in County Court of the crimes of attempted murder in the second degree and conspiracy in the second degree. On appeal this court reversed the convictions, dismissing the attempted murder count and remitted the conspiracy charge to County Court for a new trial because of errors committed during the trial (130 AD2d 52). Subsequently defendant entered a negotiated plea of guilty to the reduced charge of attempted criminal solicitation in the second degree in full satisfaction of the indictment. Defendant was then sentenced to 1 to 3 years' imprisonment. This appeal ensued.

There should be an affirmance. Defendant's contention that the prosecution of the remitted conspiracy charge was barred on double jeopardy grounds is without merit. Defendant's successful appeal from his conviction after trial and his subsequent plea of guilty to the reduced charge constituted a waiver of any claim that the order directing that he be retried on the conspiracy in the second degree charge was a violation of his statutory protection against double jeopardy *(see, People v Prescott,* 66 NY2d 216, 218, 220, *cert denied* 475 US 1150; *People v Dodson,* 48 NY2d 36, 39; *People v Cramer,* 85 AD2d 832; *see also,* CPL 40.30 [3]). It is significant that County Court did not entertain and was not requested to entertain a motion to dismiss the conspiracy charge on statutory double jeopardy grounds *(see, People v Prescott, supra,* at 219).

However, defendant now claims that his constitutional protection against double jeopardy was violated by the remittal for retrial of the conspiracy charge in the face of the dismissal on appeal of the attempted murder charge. Although defendant may raise the claim of a violation of his constitutional protection against double jeopardy on this appeal *(see, People v Prescott, supra,* at 220-221), this argument is without merit. Here, defendant was found guilty by the jury of both charges on which he was tried. While reversal and dismissal of the attempted murder charge for lack of proof was the equivalent to an acquittal for double jeopardy purposes as to that charge, defendant, by his successful appeal, waived his constitutional protection against double jeopardy as to the conspiracy charge which was reversed and remitted for a new trial *(see, People v Jackson,* 20 NY2d 440, *cert denied* 391 US 928).

Defendant further argues that the second prosecution of the conspiracy charge was barred by principles of constitutional

double jeopardy because the reversal of the conspiracy charge was based on what he alleges to be gross prosecutorial misconduct and overreaching, citing to *People v Cavallerio* (104 Misc 2d 436). This argument fails. It does not appear that the prosecutorial overreaching or misconduct causing the remittal here was so extreme as to constitute gross negligence or intentional misconduct requiring application of constitutional double jeopardy protection otherwise waived by virtue of his successful appeal *(see, Oregon v Kennedy,* 456 US 667; *United States v Dinitz,* 424 US 600; *see also, People v Cavallerio,* 104 Misc 2d 436, 437-440, *supra).*

We have examined defendant's other arguments for reversal and find them without merit.

Judgment affirmed. Casey, J. P., Weiss, Mikoll and Levine, JJ., concur.