■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY ELLSWORTH PERKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Nastasi, J.), rendered May 17, 1984, convicting him of murder in the second degree, robbery in the first degree (three counts), robbery in the second degree, grand larceny in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's guilt. Moreover, upon the exercise of our factual review power *(see,* CPL 470.15 [5]), we find that the verdict was not against the weight of the evidence.

There is no merit to the defendant's contention that his retrial was barred by his success in having his first conviction under the indictment in question nullified by the United States District Court, Southern District of New York, on the ground of prosecutorial misconduct *(see, Perkins v Le Fevre,* 691 F2d 616). A claim of double jeopardy will not bar retrial under an accusatory instrument following the nullification of an earlier judgment of conviction obtained under that instrument *(see,* CPL 40.30 [3]; *compare, People v Key,* 45 NY2d 111; *People v Gonzalez,* 81 AD2d 838, 839).

The defendant's remaining contentions are either without merit or are unpreserved for appellate review. Brown, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.