■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY A. BUGLIOLI, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that his judgment

of conviction should be reversed because the District Attorney participated in the case after he had been removed. The District Attorney was removed because former defense counsel for a codefendant had become a member of his staff, and a Special Prosecutor was appointed. Thereafter, defendant moved to dismiss the indictment on speedy trial grounds. On the return date of the motion, the District Attorney appeared in court along with the Special Prosecutor. He told the court that since he was involved in the case initially, he wanted to address the issue of trial delay during the period of his involvement. Without objection from defense counsel, the court granted the District Attorney permission to file papers in opposition to the motion to dismiss. Thereafter, by letter, defense counsel objected to "the District Attorney's continued participation in the case".

Defendant contends that this participation by the District Attorney, after he had been removed, requires reversal of his conviction. By his plea of guilty, defendant has forfeited his right to raise this issue on appeal. "A guilty plea generally results in a forfeiture of the right to appellate review of any nonjurisdictional defects in the proceedings" (People v Fernandez, 67 NY2d 686, 688; see also, People v Prescott, 66 NY2d 216, 220, cert denied 475 US 1150; People v Taylor, 65 NY2d 1, 5-6). (Appeal from judgment of Cattaraugus County Court, Kelly, J.—robbery, second degree.) Present—Boomer, J. P., Green, Pine, Balio and Lawton, JJ.