■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE HAMMOCK, Appellant. [681 NYS2d 184] —Judgment unanimously affirmed. Memorandum: After his judgment of conviction was reversed (*see, People v Hammock*, 182 AD2d 1114), defendant was retried and convicted of four counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and five counts of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [1]-[4]).

We reject the contention of defendant that his retrial was barred because his first conviction was reversed on the ground of prosecutorial misconduct (*see,* CPL 40.30 [3]; 470.20 [1]; *People v Perkins*, 156 AD2d 595, *lv denied* 76 NY2d 740; *People v Putnam*, 150 AD2d 925, 926-927; *see also, People v Adames*, 83 NY2d 89, 93). The prosecutorial misconduct involved does not bar a retrial on the ground of double jeopardy (*see, People v Putnam, supra*, at 926-927).

Supreme Court properly denied after a hearing the motion of defendant to suppress evidence seized during the search of his residence. The record supports the court's determination that the search warrant was amended to correct the street address of the residence in the presence of the issuing Judge before the search warrant was executed (*see, People v Salgado*, 57 NY2d 662, 663, *rearg denied* 57 NY2d 956). The testimony of defendant's wife that a police officer altered the search warrant at her residence presented a credibility issue for the court (*see, People v Williams*, 202 AD2d 976, *lv denied* 83 NY2d 916). The court was free to reject that testimony and to credit the testimony of the People's witnesses. Because of the court's "particular advantage of having seen and heard the witnesses" (*People v Williams, supra*, at 976), the court's determination should not be disturbed.

By failing to challenge the composition of the jury panel before jury selection commenced, defendant is deemed to have waived his objection to the composition of the panel (*see,* CPL 270.10 [2]; *People v Faulk*, 251 AD2d 345). Defendant's *Batson* claim (*Batson v Kentucky*, 476 US 79) lacks merit. The prosecutor proffered sufficient racially neutral reasons for exercising his peremptory challenge to exclude a prospective juror (*see, People v Williams*, 206 AD2d 917, *lv denied* 84 NY2d 911; *People v Craig*, 194 AD2d 687, *lv denied* 82 NY2d 716).

Contrary to the contention of defendant, the remarks of the prosecutor during his opening statement were not so egregious as to deprive defendant of a fair trial (*see, People v McMillan,* 234 AD2d 1006, *lv denied* 89 NY2d 1038; *see generally, People v Galloway,* 54 NY2d 396, 401).

We reject the contention of defendant that he was denied the right to effective assistance of counsel. The conduct of the defense, together with the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant was afforded meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147). Defense counsel's inadvertent remark during voir dire does not rise to the level of ineffective assistance of counsel (*see, People v Baxter,* 190 AD2d 1014, *lv denied* 81 NY2d 1011, *writ of coram nobis granted on other grounds* 207 AD2d 1034). To the extent that defendant's contention concerning ineffective assistance of counsel arises from matters outside the record, the facts underlying that contention should be developed through a postjudgment motion under CPL article 440 (*see, People v Speed,* 226 AD2d 1090, 1091, *lv denied* 88 NY2d 969). (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.— Murder, 2nd Degree.) Present—Pine, J. P., Hayes, Balio and Boehm, JJ.