■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR DELGADO, Appellant. [731 NYS2d 31] —Judgment, Su-

preme Court, New York County (John Bradley, J., at hearing; Martin Rettinger, J., at jury trial and sentence), rendered March 26, 1999, convicting defendant of robbery in the first degree (four counts), robbery in the second degree (two counts) and burglary in the first degree, and sentencing him to an aggregate term of 10 to 20 years, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record (*see, People v Prochilo*, 41 NY2d 759, 761). Evidence properly credited by the court established that the police had reasonable suspicion justifying defendant's detention (*see, People v Brown*, 254 AD2d 88, *lv denied* 92 NY2d 1029). The apprehending officers heard a radio run describing two robbery suspects, particularly with respect to the colors of their jackets, and stating that they were running down an alleyway. When, in very close spatial and temporal proximity to the robbery, the officers observed defendant and his companion, who sufficiently met the description, running in the vicinity of an alleyway, they properly stopped defendant and forcibly detained him for a prompt showup identification.

The custodial statement of the codefendant, appropriately redacted to avoid identifying defendant, was properly admitted as a declaration against penal interest. Defendant's present argument that the codefendant was available to testify because he had pleaded guilty and thus was no longer in danger of self-incrimination was expressly waived at trial and we decline to review it in the interest of justice. Were we to review this claim, we would find that the codefendant's assertion of his privilege against self-incrimination rendered him unavailable. The codefendant, who was awaiting sentencing, was clearly entitled to assert his privilege (*People v Sobotker*, 61 NY2d 44, 48). The reliability of the statement was clearly established by the extensive corroborating evidence provided by other witnesses (*see, People v Settles*, 46 NY2d 154, 167-170). We have considered and rejected defendant's remaining arguments concerning the codefendant's statement.

We perceive no basis for reduction of sentence. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Saxe, JJ.