**Ronald J. LONGO, Petitioner–Appellant,**

v.

**Charles GREINER, Superintendent, Sing Sing Correctional Facility, Respondent–Appellee.**

No. 00–2142.

United States Court of Appeals, Second Circuit.

Jan. 8, 2002.

Jonathan Svetkey, Watters & Svetkey, New York, NY, for Appellant.

Marlene O. Tuczinski, Assistant Solicitor General, for Eliot Spitzer, Attorney General of the State of New York; Peter G. Crary, Assistant Solicitor General, on the brief, Albany, NY, for Appellee.

Present CARDAMONE, LEVAL, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Petitioner appeals from a judgment denying his petition for a writ of habeas corpus. We granted a certificate of appealability on petitioner's claim for ineffective assistance of appellate counsel, based on appellate counsel's failure to raise a claim of ineffective assistance of trial counsel. Petitioner claims that trial counsel's performance was deficient because he did not preserve two claims for appeal: (1) a violation of *People v. Rosario*, 9 N.Y.2d 286, 213 N.Y.S.2d 448, 173 N.E.2d 881 (1961), which requires that the prosecution provide the defense with prior statements that a testifying witness made to law enforcement; and (2) a violation of the statutory right of the defendant to be present when the court responds to a request from the jury for additional information or instructions. N.Y.C.P.L. § 310.30; *see People v. Cain*, 76 N.Y.2d 119, 556 N.Y.S.2d 848, 556 N.E.2d 141 (1990). We reject both claims.

As to the claim of a violation of *People v. Rosario*, trial counsel did fail to make an issue of the fact that the police had discarded their original notes of witness interviews, after copying the notes into a comprehensive report. Yet trial counsel's

performance was not deficient in this respect, for the defendant would have only been entitled to a sanction for failure to produce the lost notes if he could prove prejudice. *See People v. Martinez,* 71 N.Y.2d 937, 940, 528 N.Y.S.2d 813, 524 N.E.2d 134 (1988). Even if prejudice could have been proven, and some sanction warranted, the issue was of so little importance, especially given that other witnesses gave substantially similar testimony, it is almost inconceivable that the appellate court would have ordered retrial because of trial counsel's failure to object. We cannot say it was a dereliction on the part of appellate counsel to fail to raise the issue.

Second, appellate counsel cannot be faulted for failure to raise a claim regarding the statutory right to be present during reinstruction, where nothing in the trial record factually supports petitioner's allegation that he was not present when the jury was reinstructed. *See, e.g., People v. Hammock,* 255 A.D.2d 957, 958, 681 N.Y.S.2d 184 (4th Dep't 1998) (holding that a claim of ineffective assistance of trial counsel based on facts outside the record must be raised in a postjudgment motion pursuant to CPL 440.10, rather than on direct appeal); *People v. Parker,* 220 A.D.2d 815, 817, 632 N.Y.S.2d 288 (3d Dep't 1995) (same). Appellate counsel had no reason to believe that the Appellate Division might rule favorably on the issue.