■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD R. MONTANA, Appellant. [748 NYS2d 97] —Appeal from a judgment of Niagara County Court (Broderick, Sr., J.), entered December 15, 2000, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [3]) and robbery in the first degree (§ 160.15 [1]). We reject the contention of defendant that County Court erred in refusing to suppress physical evidence seized from the apartment where defendant was ultimately arrested. Defendant had no reasonable expectation of privacy in that apartment and thus the court properly determined that he lacked standing to contest the warrantless search of the premises (*see People v Fields*, 294 AD2d 916; *People v Maye*, 206 AD2d 755, 757, *lv denied* 84 NY2d 1035). In any event, as the court properly determined in the alternative, the tenant of the apartment gave the police "tacit[ ] consent[ ] to the officers' entry by her conduct" (*People v Washington*, 209 AD2d 817, 819, *lv denied* 85 NY2d 944). The court also properly refused to suppress the statement made by defendant to the police at the time of his arrest. Contrary to the contention of defendant, the information acquired by the police prior to his arrest was "sufficient to support a reasonable belief that an offense ha[d] been * * * committed" (*People v Bigelow*, 66 NY2d 417, 423), and thus the police had probable cause to arrest him.

We further reject the contention of defendant that the court erred in denying his *Batson* challenge. The prosecutor explained that his exercise of a peremptory challenge to the only black prospective juror was based on his concern that she had not answered questions truthfully, and thus we conclude that the court did not abuse its discretion in determining that the prosecutor's explanation was race-neutral (*see generally Batson v Kentucky,* 476 US 79, 97-98; *People v Allen,* 86 NY2d 101, 104; *People v Shongo,* 288 AD2d 920, *lv denied* 97 NY2d 733). Defendant waived his present challenge to the racial composition of the panel of prospective jurors by failing to raise that challenge before the commencement of jury selection (*see* CPL 270.10 [2]; *People v Hammock,* 255 AD2d 957, 957, *lv denied* 93 NY2d 899; *cf. People v Balian,* 49 AD2d 94, 98). Defendant further contends that the evidence is legally insufficient to support the conviction and that the court therefore erred in denying his motion to dismiss the indictment at the close of the People's case. Defendant failed to renew his motion after presenting witnesses for the defense "and thus waived 'subsequent review of that determination' " (*People v Grantier,* 295 AD2d 988, 988, quoting *People v Hines,* 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). The contention of defendant that he was denied a fair trial by prosecutorial misconduct is without merit. The alleged misconduct was either fair comment on the evidence (*see People v Casillas,* 289 AD2d 1063, 1064-1065, *lv denied* 97 NY2d 752; *People v Robinson,* 267 AD2d 981, *lv denied* 95 NY2d 838) or was properly addressed by the court's curative instructions, which alleviated any prejudice to defendant (*see People v Galloway,* 54 NY2d 396, 399). In any event, our "review of the evidence indicates that without the conduct the same result would undoubtedly have been reached" and thus reversal on the ground of prosecutorial misconduct is not warranted (*People v Mott,* 94 AD2d 415, 419). Contrary to the contention of defendant in his pro se supplemental brief, he was not denied effective assistance of counsel (*see generally People v Benevento,* 91 NY2d 708, 712-713; *People v Baldi,* 54 NY2d 137, 147). The sentence is neither unduly harsh nor severe. Present—Pine, J.P., Wisner, Hurlbutt, Scudder and Burns, JJ.