■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO GRAY, Appellant. [752 NYS2d 731] —Peters, J. Appeal

from a judgment of the County Court of Ulster County (Bruhn, J.), rendered March 22, 2001, convicting defendant upon his guilty plea of the crime of criminal sale of a controlled substance in the second degree.

On July 22, 1999, defendant allegedly supplied cocaine to an individual who later sold it. A search of his person incident to his arrest on July 23, 1999 yielded 1.16 grams of cocaine. On August 13, 1999, a federal indictment charged defendant, among others, with two counts of conspiracy to possess and distribute cocaine and one count of possession and distribution of crack cocaine allegedly arising out of his activities in Ulster County between May 5, 1999 and July 23, 1999. On October 7, 1999, defendant was indicted by an Ulster County grand jury for criminal sale of a controlled substance, criminal possession of a controlled substance (two counts) and criminal facilitation in the second degree, from activities occurring on July 22, 1999.

The federal indictment was wholly resolved by defendant's plea of guilty to the count charging him with possession of cocaine with intent to distribute and distribution in violation of 21 USC § 846; he admitted that on July 23, 1999, he possessed between one and two grams of cocaine which was to be distributed.

On November 26, 2000, defendant moved to dismiss the Ulster County indictment by asserting that pursuant to CPL 40.20, the prosecution was barred by reason of a previous conviction or, in the alternative, on the ground of double jeopardy (*see* US Const, 5th Amend; NY Const, art 1, § 6); the motion was denied by County Court. Defendant thereafter pleaded guilty to the first count alleging criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]), in full satisfaction of the indictment, by admitting that on July 22, 1999, he sold cocaine having an aggregate weight of one ounce or more. Defendant appeals.

It is well settled that a plea of guilty results in a forfeiture of a CPL 40.20 claim even if such claim was presented to the trial court before the entry of the plea (*see People v Prescott*, 66 NY2d 216, 219, *cert denied* 475 US 1150). However, a constitutional claim will survive. In so assessing that claim, we must review the test articulated in *Blockburger v United States* (284 US 299) wherein we are guided that, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not" (*id.* at 304). Termed "Blockburger" or "same-elements" test, it has

been found to apply in the context of both multiple punishments and successive prosecutions (*see United States v Dixon*, 509 US 688, 696).

As the criminal acts at issue here were committed on two separate days, the state offense on July 22, 1999 and the federal offense on July 23, 1999, these offenses must be considered separate and distinct under *Blockburger* and its progeny. Consequently, there is no merit to defendant's contention that his constitutional right against double jeopardy was implicated by the Ulster County indictment.

Cardona, P.J., Mercure, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.