E. Leo Milonas, J.
On January 6, 1977, the defendant herein was arraigned in the Criminal Court of the City of New York on two separate accusatory instruments charging him with criminal possession of a weapon and criminal possession of stolen property (Penal Law, §§ 265.02, 165.40) in one *895 complaint and criminal possession of a controlled substance (Penal Law, § 220.03) in the other, all three offenses alleged to have been committed at precisely the same date, time and place. Subsequently, on January 20, 1977, the instant indictment, which accuses the defendant of criminal possession of a weapon in the third degree and two counts of criminal possession of stolen property in the third degree, was filed, thus superseding the prior felony complaint. The charge relating to the criminal possession of a controlled substance was then disposed of through a guilty plea, on February 3, 1977, to disorderly conduct (Penal Law, § 240.20).
The defendant now moves to dismiss the indictment against him, pursuant to CPL 210.20 and CPL 210.40, on the ground that the People failed to join the drug offense with the weapon and stolen property charges, as required by CPL 40.40 or, in the alternative, if the court does not find this provision to be strictly applicable to the facts before it, then dismissal should be granted in the interests of justice and in the spirit of CPL 40.40 and Ashe v Swenson (397 US 436).
According to CPL 40.40 (subd 1): "Where two or more offenses are joinable in a single accusatory instrument against a person by reason of being based upon the same criminal transaction, pursuant to paragraph (a) of subdivision two of section 200.20, such person may not, under circumstances prescribed in this section, be separately prosecuted for such offenses even though such separate prosecutions are not otherwise barred by any other section of this article.”
There is no question that the three offenses for which the defendant was arraigned on January 6, 1977 were joinable under CPL 200.20 (subd 2) in that they are based upon the same criminal transaction as defined in CPL 40.10 (subd 2). However, CPL 40.40 (subd 1) does not exist alone; it is modified by the words, "under circumstances prescribed in this section,” those circumstances being enumerated in subdivisions 2 and 3, as follows:
"2. When (a) one of two or more joinable offenses of the kind specified in subdivision one is charged in an accusatory instrument, and (b) another is not charged therein, or in any other accusatory instrument filed in the same court, despite possession by the people of evidence legally sufficient to support a conviction of the defendant for such uncharged offense, and (c) either a trial of the existing accusatory instrument is commenced or the action thereon is disposed of by a plea of guilty, *896 any subsequent prosecution for the uncharged offense is thereby barred.
"3. When (a) two or more of such offenses are charged in separate accusatory instruments filed in the same court, and (b) an application by the defendant for consolidation thereof for trial purposes, pursuant to subdivision five of section 200.20 or section 100.45 is improperly denied, the commencement of a trial of one such accusatory instrument bars any subsequent prosecution upon any of the other accusatory instruments with respect to any such offense.”
Clearly, what CPL 40.40 prohibits are consecutive prosecutions founded on one criminal transaction, and the possible harassment of an individual which is attendant thereon. Once the trial of a proceeding has been commenced, or there has been a disposition by a guilty plea, the District Attorney may not thereafter begin another criminal action. (See, also, Ashe v Swenson, 397 US 436, supra.) In the case at issue here, what is involved are not successive prosecutions, but two separate proceedings commenced simultaneously. As stated by Richard G. Denzer in the Practice Commentary to CPL 40.40 (McKinney’s Cons Laws of NY, Book 11 A, p 144):
"The section has two phases. Assume first, that the prosecutor, having available ample evidence of D’s commission of both robberies, obtains an indictment charging robbery of A only; tries D on that charge; and, after an acquittal (or conviction), obtains an indictment charging robbery of B and then attempts to proceed to trial thereon. Here, the second prosecution is barred because the district attorney could readily have joined both offenses in the first indictment and tried them jointly, but deliberately withheld one of them (subd. 2).
"The second phase of this section (subd. 3) is more intricate. Assume that the prosecutor initially and simultaneously obtains two indictments against D, one for the A robbery and the other for the B robbery. He proceeds to trial on the first indictment and then, after an acquittal (or conviction), moves the second case for trial.
"Upon these facts alone, the second prosecution is not barred.”
Under the latter circumstances, the defendant could have moved to consolidate the two cases under CPL 200.20. The fact that the action may be disposed of by a guilty plea before it ever goes to trial, as happened in the instant situation, is immaterial. The guilty plea was, after all, made with full *897 knowledge of the existence of the outstanding indictment and was, at the time of its entry, presumably considered reasonable by all the interested parties. Moreover, the cases cited by the defendant in support of his request for dismissal are distinguishable in that they concern either consecutive prosecutions or violation of the right against double jeopardy. (See Ashe v Swenson, 397 US 436, supra; People v Buzas, 54 AD2d 1083; People v Fernandez, 43 AD2d 83; People v Montone, 82 Misc 2d 234; People v Kephart, 77 Misc 2d 921; see, also, Matter of Martinis v Supreme Ct. of State of N Y., 15 NY2d 240.)
If, instead of what actually occurred here, the defendant had been charged in an information with criminal possession of a controlled substance and pleaded guilty upon that accusatory instrument, and the People had then proceeded to indict him on the remaining charges, CPL 40.40 would have mandated dismissal. While it may seem anomalous that the result must depend solely upon whether or not two or more offenses based upon the same criminal transaction are charged separately at the same time or at different times, this is precisely the distinction drawn by CPL 40.40. In the view of the court, this provision provides more than adequate protection against any possible abuse of a defendant’s rights through repeated prosecutions. The interests of justice require no more than is already accorded. Consequently, the defendant’s motion is denied in full.