■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH GASTON, Appellant. (Appeal No. 1.) — Judgment unanimously affirmed. Memorandum: On July 10, 1974 officers from the Buffalo Police Department obtained a warrant to search the upper left apartment at 234 Woodlawn, rented by Daffney Giles, who was home at the time of the search. Police seized papers bearing defendant's name along with marihuana and drug paraphernalia and, according to the inventory sheet, one eighth of an ounce of a narcotic drug. Defendant, who was not on the premises at the time of the search, was not immediately arrested. According to testimony taken at a speedy trial hearing in 1978, defendant heard police were looking for him and voluntarily went to police headquarters sometime during the next two days. A City Court docket sheet dated July 12, 1974 indicates that defendant was arraigned on that date, but only on the misdemeanor charge of criminally using drug paraphernalia in the second degree (Penal Law, § 220.50, subd 2). Two other charges (Penal Law, § 220.09, subds 1, 10) were listed on the docket sheet but were X'd out. On July 16, 1974 one of the officers who had participated in the July 10 seizure swore out a felony complaint accusing defendant of possessing marihuana and cocaine on July 10 (Penal Law, § 220.09, subds 1, 10). An arrest warrant was issued pursuant to the felony complaint. No attempt was made to execute the warrant until November 22, 1974 when police learned that defendant would be in possession of cocaine. At around 11:30 that night police went to the Quarry Square Apartments and approached defendant, who had entered a cab. Police opened the door of the cab, discovered the cocaine, and arrested defendant pursuant to the July 16 arrest warrant. Motions to suppress the cocaine seized on November 22 and the items seized on July 10 were denied. A jury convicted defendant of criminal possession of a controlled substance in the fifth degree based upon the November 22 seizure. Later

defendant pleaded guilty to criminal possession of a controlled substance in the seventh degree in full satisfaction of charges stemming from the July 10 search. The central issue on appeal is whether the arrest warrant of July 16 was valid. Defendant contends that it was not, claiming that on July 12 he was arraigned on all charges stemming from the July 10 search. However, the only evidence in the record pertaining to the July 12 arraignment is the City Court docket sheet, and it indicates that defendant was arraigned only on misdemeanor charges of drug paraphernalia. Defendant has failed to present any other evidence such as a transcript of the arraignment, suggesting that defendant was arraigned on the felony charges on July 12. The Criminal Procedure Law does not preclude the People from filing two accusatory instruments based on acts arising out of the same criminal transaction as long as the first set of charges has not yet proceeded to trial or been disposed of by a guilty plea (CPL 40.30, subd 1; 40.40, subds 1, 2; see, also, *People v Chestnut,* 89 Misc 2d 894, 896-897; *People v Green,* 89 Misc 2d 639, 641-642; *People v Kephart,* 77 Misc 2d 921, 925-926). The July 12 charge was eventually dismissed, but not until February of 1975. The officer thus acted within the scope of the Criminal Procedure Law by filing a felony complaint on July 16, 1974. Thereafter, the court acted properly in issuing an arrest warrant, since the defendant had not yet been arraigned upon the second accusatory instrument and had not come under the court's control with respect to it (CPL 120.20, subd 1), even though he had been arraigned on other charges arising out of the same criminal transaction. Moreover, an arrest warrant is the only procedural mechanism provided by the Criminal Procedure Law for securing defendant's presence for arraignment on felony charges (see CPL 110.10; cf. CPL 130.10, which permits a summons to be issued if the underlying charge is not a felony). Therefore the arrest warrant was validly issued and remained so on November 22 when police executed it, because at no time prior thereto had defendant been arraigned on the felony charges underlying the arrest warrant. We have reviewed defendant's other contentions and find them to be without merit. (Appeal from judgment of Erie Supreme Court, Armer, J. — criminal possession controlled substance, seventh degree.) Present — Cardamone, J.P., Callahan, Doerr, Denman and Moule, JJ.