THIRD DEPARTMENT, JANUARY, 1994

(January 6, 1994)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. SKINNER, Appellant. [606 NYS2d 792] —Casey, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered November 12, 1991, upon a verdict convicting defendant of the crime of petit larceny.

Defendant unlawfully entered a home in the Town of New Scotland, Albany County, and stole several items, including silver, jewelry and hypodermic needles. He also took an automobile from the driveway of the home. Defendant was apprehended several days later in Schenectady County in possession of the vehicle and hypodermic needles. He was charged in Schenectady City Court with criminal possession of stolen property in the first degree and criminal possession of a hypodermic instrument. Defendant ultimately entered a plea

of guilty to unauthorized use of a motor vehicle and criminal possession of a hypodermic instrument.

Defendant was thereafter indicted in Albany County on charges of burglary in the second degree and petit larceny as a result of his unlawful entry and theft of items from the Albany County home. At trial, the People sought to introduce certificates of the Schenectady County convictions as direct proof of the recent and exclusive possession of the fruits of the crime to permit an inference that defendant committed the crimes from which those fruits were derived. Defendant argued that the People's reliance on the prior Schenectady County convictions should prohibit his prosecution on the Albany County charges on the ground of double jeopardy. County Court permitted the trial to proceed and allowed the certificates of the Schenectady County convictions into evidence with limiting instructions to the jury. Defendant was acquitted of the burglary charge and convicted of the petit larceny charge.

On appeal, defendant again argues that his prosecution on the burglary and petit larceny charges in Albany County was barred by his convictions in Schenectady County of unauthorized use of a motor vehicle and criminal possession of a hypodermic instrument. Having been acquitted of the burglary charge, defendant was not aggrieved by the prosecution of the burglary charge and, therefore, our review of defendant's double jeopardy claim is limited to the petit larceny charge. Inasmuch as the petit larceny charge was based upon his theft of certain items other than the automobile, defendant's conviction of unauthorized use of the automobile clearly could not bar prosecution of the petit larceny charge.

Pursuant to CPL 40.20 (2) (b), separate prosecutions are authorized where the offenses have substantially different elements and the statutes which define the offenses are designed to prevent very different kinds of harm or evil (see, e.g., Matter of Aldridge v Kelly, 157 AD2d 716, 718, lv denied 75 NY2d 706). We conclude that the crimes of criminally possessing a hypodermic instrument (Penal Law § 220.45), of which defendant was convicted in Schenectady County, and petit larceny (Penal Law § 155.25), on which defendant was prosecuted in Albany County, have substantially different elements. It is also clear that the statutory provisions defining the two crimes were intended to prevent very different kinds of harm or evil. Criminal possession of a hypodermic instrument is included among the provisions of the Penal Law which concern offenses against public health and morals in general

(Penal Law tit M) and controlled substances in particular (Penal Law art 220). To be even more specific, it has been described as part of the statutory scheme designed to combat the drug paraphernalia industry *(see, Dougal v County of Suffolk,* 102 AD2d 531, 533, *affd* 65 NY2d 668). Petit larceny, on the other hand, is included among the provisions of the Penal Law which concern offenses involving theft in general (Penal Law tit J) and larceny in particular (Penal Law art 155). We conclude, therefore, that defendant's prosecution on the petit larceny charge was not barred by his conviction of criminal possession of a hypodermic instrument *(compare, Matter of Sharpton v Turner,* 170 AD2d 43, 48-49, *appeal dismissed* 78 NY2d 1071, *lv denied* 79 NY2d 752, *with People v Claud,* 76 NY2d 951, 953).

We have examined defendant's claim of error in County Court's *Sandoval* ruling and find no abuse of discretion. In any event, the overwhelming evidence of defendant's guilt of petit larceny would render harmless any such error if it existed *(see, People v Brown,* 188 AD2d 288, *lv denied* 81 NY2d 837). The judgment should be affirmed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.