[661 NYS2d 76]

In the Matter of EDUARDO SEDA, Petitioner, v JOSEPH SISE, as Montgomery County Judge, Respondent.

Third Department, July 24, 1997

## APPEARANCES OF COUNSEL

*Carol M. Dillon,* Amsterdam, for petitioner.

*Dennis C. Vacco, Attorney-General,* Albany *(Marlene O. Tuczinski* of counsel), for respondent.

## OPINION OF THE COURT

MERCURE, J.

On March 13, 1996, a 48-count sealed indictment was filed in the United States District Court for the Northern District of New York charging petitioner and 12 other individuals with conspiracy to possess and to distribute heroin and cocaine in violation of 21 USC § 841 (a) (1), and additionally charging petitioner with the possession and distribution of cocaine or heroin on three identified dates between September 27, 1995 and December 12, 1995. Petitioner was arrested on March 20, 1996, simultaneously with the execution of a warrant issued by a United States District Judge for the search of petitioner's apartment in the City of Amsterdam, Montgomery County. At the time of petitioner's arrest, he was found to be in possession of five grams of cocaine. On July 15, 1996, a Montgomery County Grand Jury returned an indictment charging petitioner with criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree as a result of the March 20, 1996 occurrence. On November 20, 1996, petitioner disposed of the pending Federal indictment with a plea of guilty to an information charging him with a single count of violating 21 USC § 841 (a) (1) in that "beginning in or about August 1995 and continuing up to March 20, 1996, in Montgomery County * * * [petitioner] and others, did knowingly and intentionally combine, conspire, confederate and agree to distribute and possess with intent to distribute cocaine".

Following the disposition of the Federal charges, petitioner moved for dismissal of the Montgomery County indictment on double jeopardy grounds. The District Attorney did not oppose the motion; rather, he concurred in petitioner's analysis and agreed that, based on petitioner's plea of guilty to the Federal information, his case "falls squarely within the double jeopardy [proscription of CPL 40.20 (2)]". Nonetheless, citing to the threat of Federal encroachment upon State court prosecutions

and its concern that petitioner had "forum shopped" in order to obtain a lighter sentence and concluding that CPL 40.20 "was never intended to be manipulated [in such a way that] a defendant, after standing accused in state court as a result of a duly voted indictment by a properly impanelled New York State Grand Jury may negate that indictment by pleading guilty in federal court to a similar charge", respondent denied the application. Petitioner then commenced this CPLR article 78 proceeding in the nature of prohibition to enjoin prosecution of the Montgomery County charges. The Attorney-General filed an answer and submitted a brief on behalf of respondent.

We conclude that the contentions underlying the petition have merit and we accordingly grant the writ of prohibition barring petitioner's prosecution on the subject indictment. The governing law is well settled. Because of "the embracive nature of the crime of conspiracy" (*People v Abbamonte*, 43 NY2d 74, 86), "prosecution of a substantive offense *that could have been alleged* and proved in support of a prior prosecution for conspiracy violates the CPL 40.20 (subd 2) prohibition against separate prosecution of offenses arising out of the same 'criminal transaction'" (*supra*, at 79 [emphasis supplied]). Significantly, it makes no difference whether the discrete occurrence forming the basis for the subsequent State prosecution was alleged or proved in the Federal conspiracy prosecution or, for that matter, whether the Federal authorities were even aware of it (*see, supra*, at 79, 84; *see also, Matter of Schmidt v Roberts*, 74 NY2d 513, 519; *People v Vera*, 47 NY2d 825, 826). Also immaterial is the fact that the Federal charges were disposed of by a guilty plea given in furtherance of a plea bargain (*see, People v Abbamonte, supra*, at 84).

In view of the several controlling cases concerning the double jeopardy consequences of Federal conspiracy prosecutions, we disagree with the Attorney-General's current claim that the occurrences underlying the prosecutions were not so closely related or connected in point of time and circumstance as to constitute a single criminal transaction (*compare, People v Robinson*, 65 AD2d 896 [involving separate State prosecutions for discrete drug sales]). On this record, petitioner's March 20, 1996 possession of cocaine, which was discovered in connection with petitioner's arrest on the Federal charges, an integral part of the Federal authorities' ongoing offensive against drug trafficking in the City of Amsterdam, cannot be viewed as anything other than an additional overt act in furtherance of the continuing conspiracy alleged in the March 13, 1996 indictment.

CARDONA, P. J., WHITE and CARPINELLO, JJ., concur.

Adjudged that the petition is granted, without costs, and respondent is prohibited from proceeding with prosecution of the charges against petitioner contained in Montgomery County indictment No. 86-96.