■ The People of the State of New York, Respondent, v Patrick M. Lanahan, Appellant. [714 NYS2d 605] —Graffeo, J. Appeals (1) from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered July 10, 1998, convicting defendant upon his plea of guilty of two counts of the crime of burglary in the second degree, and (2) by permission, from an order of said court, entered March 23, 1999, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Defendant pleaded guilty to burglarizing the residences of two elderly women on successive evenings in December 1997. Because he claims on appeal that he was entitled to dismissal of one of the burglary charges as it constituted a multiple prosecution barred under constitutional and statutory double jeopardy and joinder provisions, a detailed description of the proceedings leading to the conviction is warranted.

On the evening of December 9, 1997, defendant was arrested in the City of Rensselaer, Rensselaer County, pursuant to an outstanding arrest warrant on a parole violation. At the time, defendant was carrying a knapsack which contained items subsequently determined to match the description of property stolen earlier that evening from a residence on Chestnut Court in the Town of East Greenbush, Rensselaer County. Defendant was charged by information in Rensselaer City Court with criminal possession of stolen property in the fifth degree based on his possession of the stolen articles on December 9, 1997 at Rensselaer Police Headquarters. According to defendant's submissions, that same evening he was arrested by the East Greenbush Police Department and charged with two counts of burglary in the second degree, two counts of criminal mischief in the fourth degree and two counts of petit larceny arising from two burglaries: the Chestnut Court incident and a break-in the day before at another East Greenbush home. Defendant was arraigned in Rensselaer City Court and the charges brought by the East Greenbush police were transferred to East Greenbush Town Court, with Rensselaer City Court retaining jurisdiction of the original criminal possession of stolen property charge.

On January 16, 1998, a Grand Jury handed up a four-count

indictment, superceding the charges pending in East Greenbush. Counts one and three related to the burglary on December 8, 1997 and counts two and four accused defendant of burglary in the second degree and petit larceny arising from the incident on December 9, 1997 at Chestnut Court.

In the months that followed, defendant made pretrial motions in County Court, including a motion to sever counts one and three from counts two and four for trial, but did not move to consolidate the City Court charge. Instead, in June 1998, defendant pleaded guilty in Rensselaer City Court to criminal possession of stolen property and was sentenced to six months imprisonment. He then brought a motion by order to show cause in County Court seeking dismissal of counts two and four of the indictment on the ground that continued prosecution of those counts following his guilty plea in City Court constituted an impermissible multiple prosecution in violation of double jeopardy principles and mandatory joinder provisions.

While the order to show cause was pending, defendant pleaded guilty to counts one and two of the indictment, the burglary counts, in satisfaction of the remaining charges and waived his right to appeal all issues except those asserted in the order to show cause. County Court subsequently ruled on the motion, dismissing the petit larceny charge (count four) on double jeopardy grounds, but permitting the continued prosecution of the burglary charge (count two). Thereafter, defendant was sentenced consistent with the plea agreement to determinate prison terms of 10 years on each burglary count, to be served concurrently. One week later, defendant moved to withdraw his guilty plea, which motion was denied, as was a subsequent CPL 440.10 motion to vacate the judgment. Defendant now appeals.

We first address defendant's argument that his conviction of burglary under count two of the indictment constituted multiple prosecution of the same offense due to his earlier conviction of criminal possession of stolen property in City Court, thereby violating his constitutional protection under the 5th Amendment against double jeopardy. "The test for determining whether two offenses are the same within the meaning of the double jeopardy clause is whether two distinct statutory provisions each requires proof of a fact that the other does not" (*People v Prescott*, 66 NY2d 216, 221, *cert denied* 475 US 1150 [citations omitted]; *see, United States v Dixon*, 509 US 688, 696; *Blockburger v United States*, 284 US 299, 304). Applying this "same elements" test, it is evident that burglary in the second degree and criminal possession of stolen property in

the fifth degree do not constitute the same offense. The burglary charge required proof that defendant knowingly entered and remained unlawfully in a dwelling, while criminal possession of stolen property necessitated proof that defendant knowingly possessed stolen property, an element not included in the crime of burglary (*compare*, Penal Law § 140.25 [2] [burglary in the second degree] *with* Penal Law § 165.40 [criminal possession of stolen property in the fifth degree]; *see, People v Prescott, supra* [subsequent prosecution for robbery not precluded by plea of guilty to criminal possession of stolen property]). Accordingly, there was no constitutional bar to defendant's prosecution for burglary.

Nor was continued prosecution following the guilty plea prohibited by the CPL. Notwithstanding defendant's claim to the contrary, CPL 40.20 (2) does not proscribe multiple prosecutions for crimes arising from the same transaction "where the offenses have substantially different elements and the statutes which define the offenses are designed to prevent very different kinds of harm or evil" (*People v Skinner*, 200 AD2d 782, 783, *lv denied* 83 NY2d 858; *see, People v Hilts*, 224 AD2d 824, 825, *lv denied* 88 NY2d 937). Such is the case here. The offenses at issue each contain elements that the other does not; indeed, they share no elements (*compare*, Penal Law § 140.25 [2], *with* Penal Law § 165.40).

Moreover, Penal Law § 140.25 (2), the pertinent burglary provision which falls within Penal Law title I entitled "Offenses Involving Damage to and Intrusion Upon Property," is primarily aimed at protecting the integrity of a residence since a person is guilty of the crime upon crossing the threshold with the intent to commit *any* crime therein. In contrast, the criminal possession of stolen property statute, Penal Law § 165.40, appears in a separate title covering theft offenses (*see*, Penal Law tit J). Thus, it is clear that the statutory provisions defining the two crimes address significantly distinct harms (*see, People v Hilts, supra; People v Skinner, supra*). The separate nature of the offenses is particularly evident under the facts of this case where they were committed at different times in different geographical jurisdictions, the possession offense having occurred at 11:15 P.M. in Rensselaer and the burglary having taken place hours earlier in East Greenbush.

Similarly, we reject defendant's assertion that his separate prosecution for burglary in County Court violated the mandatory joinder provisions in CPL 40.40 which prohibit in certain instances successive prosecutions of crimes arising from the same criminal transaction. Generally, such prosecutions are

barred when the People possess sufficient evidence to pursue simultaneous prosecutions but fail to do so, allowing one prosecution to conclude before a second is initiated (*see,* CPL 40.40 [2]), or when two, or more joinable offenses are charged separately and defendant's motion to consolidate the charges is erroneously denied (*see,* CPL 40.40 [3]). Neither situation is applicable to the facts of this case. Here, the People filed all of the charges soon after defendant's arrest, pursuing the possession charge in Rensselaer City Court, the geographical jurisdiction in which that crime occurred, and the remaining charges in East Greenbush, the locale of the burglaries. As the charges were properly brought in different local courts, and defendant never sought consolidation of the offenses in County Court after he was indicted, choosing instead to plead guilty in City Court with full knowledge of the outstanding indictment, the separate prosecutions were not barred by CPL 40.40 (*see, People v Lindsly,* 99 AD2d 99, 101-105; *People v Chestnut,* 89 Misc 2d 894; *see generally, People v Gaston,* 83 AD2d 761).

We next review the contention in defendant's supplemental *pro se* brief that County Court erred in denying his request to withdraw his guilty plea. Defendant alleges that the Judge presiding at his proceedings was biased against defendants in residential burglary cases, thereby causing him to experience "apprehension, fear and distrust" and rendering his plea involuntary. We find County Court did not abuse its discretion in denying the motion as it was untimely, having been brought after defendant was sentenced (*see,* CPL 220.60 [3]) and, upon review of the plea allocution and the record as a whole, we are convinced defendant entered a knowing, voluntary and intelligent plea and partial waiver of appeal (*see, People v Victor,* 262 AD2d 872, 873-874, *lv denied* 94 NY2d 830; *People v Marrero,* 242 AD2d 800).

The plea agreement having included a partial waiver of appeal which preserved for our review only the double jeopardy and joinder issues, we decline to address defendant's contentions that County Court erred in denying his pre-plea motions for recusal (*see, People v Griffiths,* 155 AD2d 777, 779) and severance (*see, People v Clavijo,* 126 AD2d 907), that his counsel was ineffective (*see, People v Newell,* 271 AD2d 873, *lv denied* 95 NY2d 837), and that the agreed-upon sentence was harsh and excessive (*see, People v Ferguson,* 274 AD2d 763; *People v Andrews,* 274 AD2d 670).

Cardona, P. J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.