■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN V. COLEMAN, Appellant. [721 NYS2d 160] —Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered March 3, 2000, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

In satisfaction of a three-count indictment, defendant pleaded guilty to the crime of assault in the second degree with the understanding that he would be sentenced to a determinate prison term of five years with a mandatory 1½ years of postrelease supervision upon his release. The charges stem from an incident wherein defendant and another motorist engaged in a verbal altercation triggered by a traffic incident which then escalated into defendant hitting the victim over the head with an antitheft car device. Defendant appeals, claiming that he received ineffective assistance of counsel and that the sentence imposed was harsh and excessive.

Contrary to defendant's contention on appeal, defendant's allegations of ineffective assistance of counsel do not survive his knowing, voluntary and intelligent waiver of his right to appeal "the judgment of conviction" inasmuch as defendant does not implicate the voluntariness of his plea but, rather, challenges defense counsel's statements during sentencing that County Court was bound by the sentencing terms of the plea agreement (*see, People v Johnson,* 267 AD2d 609). In any event, defense counsel, in fact, mentioned the mitigating circumstances during sentencing and the record as a whole reveals that defendant received meaningful representation.

Next, inasmuch as defendant waived his right to appeal the conviction, his challenge to the harshness of the sentence imposed is not preserved for our review (*see, People v Buckner,*

274 AD2d 832, *lv denied* 95 NY2d 904). Nevertheless, upon our review of the record, including the presentence report which recommended a sentence of probation supervision with conditions, and given the particular circumstances of this case, we will address defendant's challenge to the sentence imposed in the interest of justice. This Court has a broad plenary power to modify any sentence in the interest of justice and, while our intrusion into the discretionary area of sentencing should rarely be exercised (*see, People v Sheppard*, 273 AD2d 498, *lv denied* 95 NY2d 908), we are of the opinion that the sentence imposed in this case was unduly severe. The record reveals that defendant has virtually no criminal record, is a hardworking individual who is extensively involved in his community and has no history of violent conduct. Furthermore, while awaiting sentencing, defendant completed an anger management program. Under these circumstances and given the numerous letters in the record submitted on defendant's behalf, we reduce the sentence imposed to the statutory minimum sentence of two years.

Crew III, J. P., Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to a determinate prison term of two years; matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.