■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD ALMONTE, Also Known as BEANO, Appellant. [732 NYS2d 705] —Peters, J. Appeal from a judgment of the Supreme Court (Sise, J.), rendered February 18, 2000 in Montgomery County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

Defendant was the subject of an indictment, dated June 8, 1998, charging him with the crimes of criminal sale and criminal possession of a controlled substance in the third degree arising out of his alleged possession and sale of crack cocaine in the City of Amsterdam, Montgomery County, on September 6, 1996. While these charges were pending, defendant was arrested and indicted in the United States District Court for the Southern District of New York on a charge of conspiracy to violate the narcotics laws of the United States (*see,* 21 USC § 841 [a] [1]; § 846) based upon his alleged drug-related activities from 1992 to November 19, 1996 "in the Southern District of New York and elsewhere."

On December 8, 1998, pursuant to a plea bargain agreement, defendant pleaded guilty to the crime of criminal sale of a controlled substance in the fifth degree in full satisfaction of the indictment. He expressly waived his right to appeal and agreed to be sentenced to a State prison term of 3½ to 7 years. It was further agreed that, if defendant were sentenced on the Federal offenses prior to sentencing on the State charge, the State sentence would run concurrently. The following colloquy occurred:

"The Court: And it's also my understanding, * * * that this federal charge hasn't been disposed of.

"[Defense counsel]: That's correct. That charge is still pending.

"The Court: Thus Criminal Procedure Law Section 40.20 does not apply.

"[Defense counsel]: Yes."

In January 1999, defendant pleaded guilty to the Federal conspiracy charge for which, in September 1999, he was sentenced to a term of incarceration of 168 months.

. In December 1999, defendant moved to vacate his plea to the State charges and to dismiss the indictment by asserting a violation of CPL 40.20, and NY Constitution, article I, § 6. Supreme Court denied the motion, concluding that while the conduct upon which the State indictment was grounded was encompassed within the time frame of the Federal conspiracy charge, there existed no double jeopardy. It reasoned that defendant's guilty plea constituted a conviction and that the sentence levied constituted a judgment upon the conviction. Having entered a plea to the State charge before pleading to the Federal charge, it found that no claim of double jeopardy could be asserted under State law. Sentenced on February 18, 2000 as a second felony offender to the previously agreed upon prison term of 3½ to 7 years, defendant now appeals, asserting claims of double jeopardy and ineffective assistance of counsel.

We affirm. Since defendant entered his plea of guilty to the State charge with full knowledge of the provisions of CPL 40.20, his plea constituted a forfeiture of any claim predicated upon a violation of that statute (*see, People v Prescott*, 66 NY2d 216, 219, *cert denied* 475 US 1150). Similarly waived was defendant's constitutional double jeopardy claim based upon the content of his plea allocution which demonstrated "a knowing, voluntary and intelligent waiver of the right to appeal, intended comprehensively to cover all aspects of the case" (*People v Muniz*, 91 NY2d 570, 575). With no constitutional, statutory or public policy mandate prohibiting its acceptance (*see, id.*), we can find no error despite the fact that the underlying claim had not fully matured.*

Defendant's ineffective assistance of counsel claim does not implicate the voluntariness of his plea and, as such, is similarly foreclosed by the articulated guilty plea and waiver of his right to appeal (*see, People v Coleman*, 281 AD2d 653; *People v Johnson*, 267 AD2d 609). We note that had we reached the merits of either of these claims, we would have found no error (*cf., Matter of Seda v Sise*, 231 AD2d 36; *see, People v Baldi*, 54 NY2d 137).

Mercure, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

---

* Having concluded that defendant's plea constitutes a valid waiver of any double jeopardy claim, we need not reach the merits of such assertion.