■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DARRYL YANK, Respondent. (Appeal No. 1.) [758 NYS2d 754] —Appeal from an order of Supreme Court, Onondaga County (Brunetti, J.), dated October 5, 1999, which granted defendant's motion to suppress evidence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DARRYL YANK, Respondent. (Appeal No. 2.) [758 NYS2d 575] —Appeal from an order of Supreme Court, Onondaga County (Brunetti, J.), dated February 14, 2002, which, inter alia, granted defendant's motion to dismiss the indictment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Following a seven-month investigation, a search warrant was executed at defendant's home on December 13, 1998. Approximately three kilograms of cocaine were seized therefrom, and defendant was indicted on one count of criminal possession of a controlled substance in the first degree

(Penal Law § 220.21 [1]). Defendant thereafter moved to suppress the cocaine and, by its order in appeal No. 1, Supreme Court granted defendant's motion. The People filed a notice of appeal and thereafter defendant was indicted by a federal grand jury and pleaded guilty in federal court to, inter alia, conspiracy to violate federal drug trafficking laws (21 USC § 846). The indictment supporting that conviction alleged that, from May 1998 through December 13, 1998, defendant conspired "to distribute and possess with intent to distribute cocaine."

After the People moved for an order settling the record on their appeal from the suppression order, defendant moved to dismiss the indictment on the ground that the state prosecution was barred by the federal prosecution under the double jeopardy provisions of CPL 40.20. By its order in appeal No. 2, the court, inter alia, granted the motion to dismiss.

Addressing first the order in appeal No. 2, we conclude that the court properly granted defendant's motion to dismiss the indictment. Where, as here, a defendant has been prosecuted and convicted in federal court for conspiracy to violate the federal drug laws (21 USC § 846), the state may not subsequently prosecute that defendant for acts that "could have been received as proof of the [federal] conspiracy" (*People v Abbamonte*, 43 NY2d 74, 84 [1977]; *see Matter of Abraham v Justices of N.Y. Supreme Ct. of Bronx County*, 37 NY2d 560, 567 [1975]; *Matter of Seda v Sise*, 231 AD2d 36, 38 [1997]). Evidence of defendant's possession of three kilograms of cocaine on December 13, 1998 could have been received as proof of the conspiracy charged in the federal indictment. We reject the People's contention that exceptions set forth in CPL 40.20 (2) apply to permit the state prosecution (*see Abraham*, 37 NY2d at 567).

In view of our decision in appeal No. 2, the People's contentions concerning the suppression order in appeal No. 1 are moot, and those contentions do not fall within an exception to the mootness doctrine (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). Present—Pigott, Jr., P.J., Green, Pine, Gorski and Hayes, JJ.