■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVENSON MONROIG, Appellant. [793 NYS2d 268]—

Peters, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 9, 2004, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant was charged in a superior court information with criminal possession of a controlled substance in the fifth degree

based upon his possession of cocaine with intent to sell in a controlled buy operation. He pleaded guilty as charged, was sentenced to five years of probation and was ordered to forfeit the vehicle that was seized at the time of his arrest. Subsequently, he was charged in an amended indictment with two counts of criminal possession of a controlled substance in the third degree after police recovered additional drugs from his vehicle. Following County Court's denial of his motion to dismiss the indictment on double jeopardy grounds, defendant admitted that he had possessed cocaine in an amount exceeding one half of an ounce, pleaded guilty to one count of criminal possession of a controlled substance in the third degree, and waived his right to appeal as part of the negotiated plea agreement. He was then sentenced to 3 to 9 years in prison and now appeals.

Initially, defendant waived his constitutional double jeopardy claim by his express waiver of the right to appeal, which "evidence[d] the understanding that, by taking the plea, [he] knowingly, voluntarily and intelligently gave up the right to appeal from *all waivable aspects* of the case" (*People v Muniz*, 91 NY2d 570, 575 [1998]; *see People v Almonte [Beano]*, 288 AD2d 632, 633 [2001], *lvs denied* 97 NY2d 726, 727 [2002]). Even assuming that defendant's claim is properly before us, the prohibition against double jeopardy "do[es] not prevent successive prosecution of two offenses arising out of the same transaction where, as here, 'each of the offenses contains an element which the other does not' " (*Matter of Kelly v Bruhn*, 3 AD3d 783, 784 [2004], *lv dismissed* 2 NY3d 793 [2004], quoting *People v Wood*, 95 NY2d 509, 513 [2000]). While defendant's previous conviction on his guilty plea to criminal possession of a controlled substance in the fifth degree required proof that he intended to sell the drugs (*see* Penal Law § 220.06 [1]), the instant charge required proof that the aggregate weight of the drugs are one half of an ounce or more (*see* Penal Law § 220.16 [12]). Accordingly, double jeopardy posed no constitutional bar to defendant's current prosecution (*see People v Lebron*, 305 AD2d 799, 801 [2003], *lv denied* 100 NY2d 583 [2003]; *People v Lanahan*, 276 AD2d 906, 907-908 [2000], *lv denied* 95 NY2d 965 [2000]). Given defendant's voluntary, knowing and intelligent plea and his valid waiver of the right to appeal, we decline to review his remaining challenge to the severity of the agreed-upon sentence (*see People v Keebler*, 15 AD3d 724, 727-728 [2005]; *People v Clow*, 10 AD3d 803, 804 [2004]).

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.