OPINION OF THE COURT
Matthew J. D’Emic, J.
Defendant is charged with murder in the second degree for acting in concert with Jahmeel Lee and intentionally causing the death of Claudia Hall by beating, stabbing and suffocating her sometime between December 25 and December 27, 2004. He now moves for hearings, as well as for dismissal or reduction of each count of the indictment based upon the court’s in camera reading of the grand jury minutes.
In addition, the defendant seeks specific enforcement of his cooperation agreement with the Kings County District Attorney’s Office, or, in the alternative, asks the court to bar this prosecution on the ground that his plea of guilty to hindering prosecution in the first and third degrees pursuant to the cooperation agreement prohibits further prosecution as constituting double jeopardy.
The defendant’s motion to bar this murder prosecution on contractual and double jeopardy grounds is denied.
On March 2, 2005, Matthew Hester was interviewed by the police and told them that Jahmeel Lee murdered Claudia Hall and enlisted his help in disposing of her body. As a result of that admission, this defendant, on March 9, 2005, entered into a cooperation agreement with the Brooklyn District Attorney’s Office, agreeing “in exchange for the promises set forth below ... to provide . . . complete, accurate and truthful information known to him concerning activities related to the murder of Claudia Hall.” On the basis of this agreement, defendant pleaded guilty to felony and misdemeanor counts of hindering prosecution.
Sometime after the plea, as a result of the continuing investigation, the People received information that defendant Hester actively participated in Ms. Hall’s killing and, on March 28, 2005, indicted him in the murder.
*233 Under the terms of the parties’ agreement, the defendant’s consideration to the People in exchange for a favorable plea bargain was clearly set forth as “complete, accurate and truthful information” (para 1). In addition, paragraph 11 of the agreement states that “should it be judged by the Office . . . that Matthew Hester has intentionally given false, misleading or incomplete information . . . this agreement may be deemed null and void by the Office and Matthew Hester shall be subject to any criminal violation of which the Office has knowledge” and the agreement gives the District Attorney the exclusive right to determine if the defendant has complied with the agreement.
Since the defendant failed to provide “complete, accurate and truthful information,” the District Attorney’s Office was fraudulently induced to enter into the agreement because of Hester’s knowing misrepresentation of material facts upon which it relied to its detriment. The People are, therefore, justified in voiding the contract (Restatement [Second] of Contracts § 164 [1]; Independent Energy Corp. v Trigen Energy Corp., 944 F Supp 1184 [1996]; Ross-Simons of Warwick, Inc. v Baccarat, Inc., 217 F3d 8 [2000]). Additionally, this defendant has done no special service for the prosecution so that nullifying the agreement does nothing but restore him to the same position he was in before the agreement was signed (People v McConnell, 49 NY2d 340 [1980]). In summary, a cooperation agreement based on a lie may be considered a nullity by the People (People v De-Boue, 299 AD2d 422 [2002]; People v Whitehurst, 291 AD2d 83 [2002]), both contractually and on public policy grounds.
Although the cooperation agreement may be nullified by the District Attorney, not so the plea. Under the terms of the plea entered on the court record, this defendant only faces punishment for hindering prosecution in the first degree, a nonviolent class D felony. Defendant contends that the People are stuck with their bargain and double jeopardy protection bars further prosecution for actions involving the same criminal conduct. On close analysis the defense argument fails.
The protection against double jeopardy, the principal that “no person shall be subject to be twice put in jeopardy for the same offense” (NY Const, art I, § 6) is contained in the State Constitution, the Fifth Amendment to the US Constitution and in Criminal Procedure Law article 40. Although the language of this protection is simple, the law in this area is not. In some cases, where a plea is entered, subsequent proceedings are *234 barred (Matter of Kisloff v Covington, 73 NY2d 445 [1989]; Matter of Campbell v Pesce, 60 NY2d 165 [1983]), but this is not always the case. For although a plea is a previous prosecution (CPL 40.30 [1] [a]), the question arises as to whether that previous prosecution bars a second prosecution. The answer to this question is contained in both statute and case law. Criminal Procedure Law § 40.10 (1) states that “when the same conduct or criminal transaction violates two or more such statutory provisions each such violation constitutes a separate and distinct offense,” and CPL 40.20 (2) (b) allows a subsequent prosecution where “[e]ach of the offenses as defined contains an element which is not an element of the other.”
Clearly, the crimes of hindering prosecution and murder are separate and distinct offenses with no overlapping elements (Blockburger v United States, 284 US 299 [1932]; United States v Dixon, 509 US 688 [1993]; People v Biggs, 1 NY3d 225 [2003]; People v Monroig, 17 AD3d 870 [2005]). The murder prosecution is not, therefore, prohibited as double jeopardy. In addition, since at the time defendant entered his plea the prosecution was not in possession “of evidence legally sufficient to support” a murder conviction, double jeopardy does not attach under the mandatory joinder provisions of Criminal Procedure Law § 40.40 (2) (b) (People v Rivera, 60 NY2d 110 [1983]; People v Lanahan, 276 AD2d 906 [2000]; People v Fletcher, 113 Misc 2d 5 [1982]).
The court grants a Huntley and Sandoval hearing. Since the parties are known to each other and no police arranged identification procedure was utilized, the request for a Wade hearing is denied. The court has read the grand jury minutes and concludes that the evidence is legally sufficient to establish the charges of the indictment and the integrity of the grand jury proceedings was not compromised.