■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW C. GALUNAS, Appellant. [939 NYS2d 196]—

Garry, J. Appeal from a judgment of the County Court of Delaware County (Smith, J.), rendered October 9, 2009, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and burglary in the third degree.

In December 2007, defendant broke into a pharmacy in the Village of Margaretville in Delaware County and stole controlled substances, including morphine and methadone. In October 2008, he pleaded guilty in Ulster County to three counts of criminal possession of a controlled substance in the third degree and two counts of criminal sale of a controlled substance in the third degree. Shortly thereafter, he was indicted in Delaware County for various crimes arising from the pharmacy burglary, including two counts of criminal possession of a controlled substance in the first degree.

In December 2008, defendant moved to withdraw his Ulster County guilty plea. While that motion was pending, he also moved in Delaware County to dismiss the two criminal possession charges on the ground that he was being prosecuted twice for the same offenses in violation of CPL 40.20 (1). Defendant's motion to withdraw the Ulster County guilty plea was granted, and he thereafter moved to dismiss the Delaware County indictment in its entirety, alleging that evidence of the guilty plea had been presented to the Delaware County grand jury. County Court denied both motions. Defendant subsequently pleaded guilty in Delaware County to a reduced charge of criminal possession of a controlled substance in the third degree and to one count of burglary in the third degree. He was sentenced to a prison term of three years followed by two years of postrelease supervision on the criminal possession conviction, to run concurrently with a prison term of 2 to 6 years on the burglary conviction. Defendant appeals, contending that his prosecution on the Delaware County criminal possession counts violated his constitutional right to protection against double jeopardy, as the controlled substances that formed the basis of the Ulster County

charges came into his possession as a result of the alleged Delaware County crimes.*

Initially, while noting that the constitutional right to protection against double jeopardy survives a guilty plea (*see People v Parilla*, 8 NY3d 654, 659 [2007]; *People v Hansen*, 95 NY2d 227, 230 [2000]), we find that defendant waived this claim "by his express waiver of the right to appeal, which 'evidenced the understanding that, by taking the plea, he knowingly, voluntarily and intelligently gave up the right to appeal from all waivable aspects of the case' " (*People v Monroig*, 17 AD3d 870, 871 [2005], quoting *People v Muniz*, 91 NY2d 570, 575 [1998] [internal brackets and emphasis omitted]; *see People v Almonte*, 288 AD2d 632, 633 [2001], *lvs denied* 97 NY2d 726 [2002]). In any event, a constitutional double jeopardy claim does not arise when each of the challenged charges "requires proof of a fact which the other does not" (*Blockburger v United States*, 284 US 299, 304 [1932]; *see United States v Dixon*, 509 US 688, 696 [1993]; *People v Prescott*, 66 NY2d 216, 221 [1985], *cert denied* 475 US 1150 [1986]; *People v Gray*, 300 AD2d 696, 697 [2002], *lv denied* 100 NY2d 561 [2003]). Here, one of the challenged Delaware County charges alleged the possession of methadone, which was not charged in the Ulster County indictment, and the second challenged Delaware County charge, among other differences, required proof of a different weight than any of the Ulster County charges. Accordingly, even if the claim were properly before us, we would not have found that defendant's constitutional double jeopardy rights were violated (*see People v Prescott*, 66 NY2d at 221-222; *People v Monroig*, 17 AD3d at 871; *People v Lanahan*, 276 AD2d 906, 908 [2000], *lv denied* 95 NY2d 965 [2000]).

Finally, we reject defendant's claim that the Delaware County indictment should have been dismissed in its entirety, as a review of the grand jury minutes reveals that no evidence of defendant's Ulster County guilty plea was presented to the Delaware County grand jury.

Peters, J.P., Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant concedes that his statutory double jeopardy claim was forfeited by his guilty plea (*see* CPL 40.20; *People v Prescott*, 66 NY2d 216, 218 [1985], *cert denied* 475 US 1150 [1986]; *People v Putnam*, 150 AD2d 925, 926 [1989]).