Matter of Galunas v Annucci (2018 NY Slip Op 07502)





Matter of Galunas v Annucci


2018 NY Slip Op 07502


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018


[*1]In the Matter of MATTHEW GALUNAS, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: September 18, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Matthew Galunas, Malone, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Martin A. Hotvet), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Maney, J.), entered September 15, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Superintendent of Sing Sing Correctional Facility that he was ineligible for merit time consideration.
Petitioner was incarcerated in 2009 following his convictions of criminal possession of a controlled substance in the third degree and burglary in the third degree (People v Galunas, 93 AD3d 892 [2012], lv denied 19 NY3d 960 [2012]). He applied to participate in a shock incarceration program (see Correction Law § 867), was admitted and participated at two correctional facilities between December 4, 2009 and December 23, 2009, and he thereafter withdrew from the program reporting back pain. Petitioner was advised by letter dated August 10, 2016 that he was ineligible for merit time consideration because he had removed himself from the shock incarceration program. Petitioner commenced this proceeding pursuant to CPLR article 78 challenging that determination, contending that his withdrawal from the program had been for medical reasons. Supreme Court dismissed the petition,[FN1] and petitioner appeals.
As relevant here, an inmate is ineligible for merit time consideration if the inmate "entered [a] shock incarceration program but failed to successfully complete the program for any reason other than an intervening circumstance beyond the control of the inmate" (7 NYCRR [*2]280.2 [d] [2] [i]; see Dept of Corr & Community Supervision Directive No. 4790 [2] [D] [2] [a]). Petitioner contends that he was transferred out of the shock program because he was physically unable to perform the training and drills, which he argues is supported by his medical records, and that this should not have rendered him ineligible for merit time consideration. A review of the record reflects that, at the time of his incarceration in 2009, petitioner had been diagnosed with two diffuse disc bulges and degenerative disc disease and that his medical records were reviewed prior to the determination to admit him into the shock program (see 7 NYCRR 1800.5). In opposition to the petition, respondent submitted an affidavit from the correctional facility's supervising offender rehabilitation coordinator who reviewed petitioner's institutional records. The supervisor represented that, when petitioner was first assessed for the shock program, "he did not have physical limitations and[/]or restrictions that would preclude him from participating in the program." The supervisor attested that, according to his institutional records, petitioner had "voluntarily opted out of the program . . . and failed to complete the program." Other documentation reflects that petitioner was counseled on multiple occasions and encouraged to stay in the program, but he "chose to opt out" due to "back pain."
We find that the record supports respondent's conclusion that petitioner voluntarily withdrew from the program. While petitioner had reported back pain and had a history of back problems, there are no medical or other records establishing that he was physically unable to continue in the program so as to support the conclusion that his withdrawal was due to " an intervening circumstance beyond [his] control" (7 NYCRR 280.2 [d] [2] [i]). As the record demonstrates that respondent's decision was rational and was not arbitrary and capricious, it will not be disturbed (see Matter of Hines v Fischer, 101 AD3d 1204, 1205-1206 [2012]).
McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: The record does not reflect whether petitioner pursued a grievance (see CPLR 7801 [1]; Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194-195 [2007]; Matter of Beaubrun v Annucci, 144 AD3d 1309, 1310 [2016]). However, respondent did not raise the failure to exhaust administrative remedies as a defense in its answer or in a motion to dismiss and has not addressed this issue in its brief and, thus, it was waived (see Matter of Warwick v Henderson, 117 AD2d 1001, 1001 [1986]; compare Sheils v County of Fulton, 14 AD3d 919, 920-921 [2005], lv denied 4 NY3d 711 [2005]).