People v Horton (2019 NY Slip Op 04783)





People v Horton


2019 NY Slip Op 04783


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

108938

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BENJAMIN HORTON, Appellant.

Calendar Date: May 1, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Brian M. Quinn, Albany, for appellant, and appellant
pro se.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered October 20, 2016, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.
Defendant was charged in a nine-count indictment with various offenses related to his sexual abuse of an 11-year-old victim. In full satisfaction of the indictment, he pleaded guilty to a reduced count of criminal sexual act in the first degree and waived his right to appeal. The plea agreement provided that he would be sentenced to 20 years in prison and a period of postrelease supervision, the sentence to run concurrently with that imposed in a related Schenectady County matter (People v Horton, ___ AD3d ___ [appeal No. 108937, decided herewith]). County Court thereafter sentenced defendant to a prison term of 20 years to be followed by postrelease supervision of 20 years. Defendant appeals, and we affirm.
Initially, defendant was alerted at the outset of the plea colloquy that an appeal waiver was a condition of the plea agreement. County Court explained that his right to appeal was separate and distinct from the trial-related rights that he was giving up by pleading guilty, and defendant agreed that he wished to waive it. Defendant also executed a detailed written waiver in which he acknowledged that he had fully discussed the matter with counsel, and he confirmed to County Court that he had read, understood and signed the document. Contrary to defendant's contention, the foregoing establishes that his appeal waiver was knowing, intelligent and voluntary (see People v Lopez, 6 NY3d 248, 257 [2006]; People v Cherry, 166 AD3d 1220, 1221 [2018]; People v James, 155 AD3d 1094, 1095 [2017], lv denied 30 NY3d 1116 [2018]). As such, he is precluded from challenging the severity of his sentence (see People v Lopez, 6 NY3d at 256).
Defendant next questions the voluntariness of his plea, a claim that survives his valid appeal waiver but is unpreserved in light of his apparent failure to make "an appropriate postallocution motion to withdraw his plea, despite ample opportunity to do so prior to sentencing" (People v Prince, 170 AD3d 1380, 1381 [2019]; see People v Johnson, 170 AD3d 1274, 1275 [2019]). Defendant made no statements during the plea colloquy that cast doubt on his guilt or otherwise called the voluntariness of his plea into question and, as a result, the narrow exception to the preservation requirement does not apply (see People v Johnson, 170 AD3d at 1275; People v Cherry, 166 AD3d at 1222).
Defendant forfeited his statutory double jeopardy argument with his guilty plea, and his constitutional double jeopardy argument is foreclosed by his appeal waiver (see People v Prescott, 66 NY2d 216, 218 [1985], cert denied 475 US 1150 [1986]; People v Galunas, 93 AD3d 892, 893 [2012], lv denied 19 NY3d 960 [2012]; People v Almonte, 288 AD2d 632, 633 [2001], lvs denied 97 NY2d 726, 727 [2002]). The claim that he received the ineffective assistance of counsel survives his appeal waiver to the extent that it relates to the voluntariness of the plea, but is unpreserved in the absence of an appropriate postallocution motion (see People v Prince, 170 AD3d at 1381-1382; People v Bonfante, 167 AD3d 1160, 1160 [2018], lv denied 32 NY3d 1202 [2019]). His pro se challenges to the indictment and grand jury proceedings are mostly nonjurisdictional and forfeited by his guilty plea (see People v Cole, 118 AD3d 1098, 1099-1100 [2014]), and his contention that the indictment is jurisdictionally defective lacks merit (see People v Guidry, 158 AD3d 901, 901 [2018]). Defendant is both precluded by his appeal waiver from raising arguments regarding his motion to suppress a statement that he made to a child protective caseworker and foreclosed by the guilty plea entered before County Court rendered a decision on that motion (see People v Tetreault, 152 AD3d 1081, 1082 [2017], lv denied 30 NY3d 984 [2017]). His remaining claims are barred by his guilty plea.
Egan Jr., J.P., Lynch, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.