People v Thaxton (2023 NY Slip Op 06560)

People v Thaxton

2023 NY Slip Op 06560

Decided on December 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 21, 2023

112252
[*1]The People of the State of New York, Respondent,
v
John Thaxton, Also Known as Tayvon Johnson, Also Known as Airyck Johnson, Also Known as Gwalla, Appellant.

Calendar Date:October 18, 2023

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Carolyn B. George, Albany, for appellant.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered November 15, 2019 in Albany County, convicting defendant upon his plea of guilty of the crime of burglary in the second degree (two counts).
Defendant was charged in a single-count indictment with burglary in the second degree (indictment No. 20-9240). That indictment was subsequently consolidated with a portion of a prior indictment that charged defendant with four counts of burglary in the second degree (counts 1 through 4 of indictment No. 7-8882). The remaining counts in the prior indictment charged defendant with varying degrees of robbery (counts 5 through 8 of indictment No. 7-8882) and were severed for trial purposes. In satisfaction of the consolidated indictment, defendant pleaded guilty to two counts of burglary in the second degree — as charged in count 2 of indictment No. 7-8882 and count 1 of indictment No. 20-9240 — and agreed to waive his right to appeal. At sentencing, Supreme Court denied defendant youthful offender status and sentenced him, in accordance with the plea agreement, to a prison term of 15 years followed by five years of postrelease supervision on count 2 of indictment No. 7-8882 and a consecutive prison term of 10 years followed by five years of postrelease supervision on count 1 of indictment No. 20-9240. Such sentence was ordered to run concurrently with an aggregate 25-year sentence imposed on three robbery convictions following the aforementioned trial, which is the subject of a companion appeal (People v Thaxton, ___, AD3d ___ [3d Dept 2023] [decided herewith]). Defendant appeals.[FN1]
The People concede, and our review of the record confirms, that defendant's waiver of his right to appeal is invalid given the overbroad nature of the appeal waiver and Supreme Court's failure to adequately advise defendant that the right to appeal was separate and distinct from those automatically forfeited by his guilty plea (see People v Jacobs, 214 AD3d 1258, 1259 [3d Dept 2023], lv denied 40 NY3d 929 [2023]; People v Hammond, 214 AD3d 1211, 1211 [3d Dept 2023]; People v Clark, 209 AD3d 1063, 1064 [3d Dept 2022], lv denied 39 NY3d 1140 [2023]). As such, defendant's challenges to the effective assistance of counsel based upon alleged deficiencies in discovery efforts and severity of the sentence imposed are not precluded. However, to the extent that defendant contends that he did not receive the effective assistance of counsel due to counsel's alleged failure to request discovery material, "any perceived deficiencies in counsel's motion practice or discovery efforts were forfeited by defendant's unchallenged guilty plea" (People v Bermudez, 217 AD3d 1261, 1263 [3d Dept 2023] [citations omitted], lv denied 40 NY3d 996 [2023]; see People v Jones, 210 AD3d 150, 152 [3d Dept 2022]).
As to defendant's contentions relative to his sentence, defendant, who was 18 years old at the time he committed the burglaries, contends that Supreme Court abused its discretion [*2]in not considering appropriate factors in declining to accord him youthful offender treatment. We disagree. Contrary to defendant's contention, the record reflects that the court considered the relevant mitigating factors which were set forth by defense counsel and in the presentence report, including defendant's upbringing in the foster care system from primarily the age of two due to parental neglect, his family history of substance abuse, trauma, domestic violence and mental illness, as well as defendant's overall poor decision-making. The court nevertheless determined on the record that the mitigating factors did not excuse the serious and violent crimes defendant engaged in which resulted in not only the instant conviction, but multiple robbery convictions which included physical abuse of one of the victims. Under these circumstances, the court did not abuse its discretion in denying youthful offender treatment (see People v Turner, 174 AD3d 1123, 1127 [3d Dept 2019], lv denied 34 NY3d 985 [2019]; People v Wilson, 165 AD3d 1323, 1325 [3d Dept 2018]). However, as to defendant's sentence, we deem it appropriate to take corrective action in the interest of justice and modify the sentence imposed upon one conviction for burglary in the second degree (see CPL 470.15 [6] [b]; People v Kerrick, 206 AD3d 1268, 1271 [3d Dept 2022], lv denied 38 NY3d 1151 [2022]; People v Coleman, 281 AD2d 653, 654 [3d Dept 2001]). That said, the term of imprisonment for the conviction of burglary in the second degree (count 1 of indictment No. 20-9240) should be reduced to five years followed by five years of postrelease supervision, which is to run consecutively to the sentence already imposed for the other burglary in the second degree conviction (count 2 of indictment No. 7-8882), and concurrently with the aggregate 20-year sentence imposed on defendant's robbery convictions in the companion appeal (counts 5, 6 and 8 of indictment No. 7-8882) (People v Thaxton, ___ AD3d at ___).
Clark, J.P., Aarons and Fisher, JJ., concur.
Ceresia, J. (concurring in part and dissenting in part). I concur with nearly all aspects of the majority's decision. However, I respectfully disagree that the circumstances of this case lend themselves to a finding that corrective action should be taken in the interest of justice to reduce defendant's sentence.
Initially, it should be emphasized that the sentence that the majority now reduces was the product of a negotiated plea. Defendant, represented by experienced counsel and with eyes wide open, expressly agreed to the term of imprisonment which he ultimately received, and the record bears out that there was good reason for him to do so. As is more fully set forth in People v Thaxton (___ AD3d ___, ___ [3d Dept 2023] [decided herewith]), at the time that defendant decided to move forward with his guilty plea in this case, he had already been found guilty following a jury trial in another case of three violent felonies — one count of robbery [*3]in the first degree (Penal Law § 160.15 [3]) and two counts of robbery in the second degree (Penal Law § 160.10 [1]), and was awaiting sentencing thereon. In addition to that, defendant was facing in the instant case five counts of burglary in the second degree, a class C violent felony (Penal Law § 140.25 [2]), for which consecutive 15-year prison terms would have been authorized. Moreover, any sentences imposed in this case could have been ordered to run consecutively to the sentences defendant was to receive in the prior case. In light of this substantial prison exposure, defendant had clear motivation to remove all uncertainty and limit his prison time by resolving this case with a plea bargain, which is precisely what he did. Inasmuch as the record reveals that defendant's guilty plea was in all respects knowing, intelligent and voluntary, and further acknowledging that the sentence obtained by defendant via the plea bargain was highly advantageous, it is my view that defendant should be required to honor the very deal to which he agreed.
In undoing the negotiated plea and reducing defendant's sentence at this point, it also strikes me as fundamentally unfair to the People who, like defendant, were a party to the plea agreement and deserve consideration. Pursuant to the plea bargain, the People made significant concessions in allowing defendant to plead guilty to only two of the five counts of burglary and also agreeing that the sentences in this case would be directed to run concurrently with the sentences in the prior case. In exchange for those concessions, the People obviously felt that an aggregate sentence of 25 years in prison was fair and warranted, and indeed both defendant and Supreme Court agreed. Had defendant not wished to accept the plea deal, the People had every right to then proceed to trial and, in the event that they prevailed, seek a more substantial sentence. The People are now being placed in a position where they are not receiving what they bargained for, and at the same time are being deprived of the opportunity to pursue a different course of action, such as a trial. While I am mindful that this Court possesses the authority to modify defendant's sentence even in the face of this unfairness to the People, I can discern nothing in the record which supports such action.
As for the mitigating factors that the majority appears to rely on in justifying its decision to reduce defendant's sentence, I too am sincerely sympathetic to defendant's difficult upbringing. No person should have to experience such a troubled childhood. That said, none of this information is new. Defendant, the People and Supreme Court were well aware of the mitigating circumstances and, with that knowledge, they all agreed to the negotiated sentence. I do not believe that defendant has in any way shown that we should now substitute our own judgment in the place of the parties and Supreme Court.
Aside from the above, the seriousness of defendant's [*4]repeated criminal conduct also demands recognition. Given the horrific and violent actions perpetrated by defendant in the prior case (People v Thaxton, AD3d at ___), as well as the multiple instances in this case where defendant invaded people's homes with the intention of committing crimes once inside, Supreme Court aptly described defendant as being a threat and a danger to his fellow citizens. Agreeing with that assessment and taking into account the trauma that defendant's actions undoubtedly left on many innocent people, it is my belief that the sentence imposed, while certainly significant, was appropriate.
Accordingly, I would not exercise interest of justice authority in this case. Rather, I would leave defendant's sentence undisturbed.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed for burglary in the second degree under count 1 of indictment No. 20-9240 to five years in prison, with five years of postrelease supervision, and, as so modified, affirmed.

Footnotes

Footnote 1: Defendant limits his challenge on appeal to his plea of guilty of burglary in the second degree under count 1 of indictment No. 20-9240.